MARION RUTH PEARCE v. BEULAH P. BARHAM, ADMINISTRATRIX OF CALVIN W. BARHAM, DECEASED, AND DOLLY BARHAM.

(Filed 25 August, 1967.)

**1. Negligence § 11—**

Where plaintiff's injury is the result of wilful and wanton conduct on the part of defendant, plaintiff's contributory negligence will not bar recovery.

**2. Automobiles §§ 73, 91—**

Where plaintiff alleges and offers evidence tending to show that wilful and wanton conduct on the part of defendant proximately caused plaintiff's injury, it is error for the court to refuse to submit plaintiff's tendered issue as to the wilful and wanton negligence of defendant, and such failure must be deemed prejudicial when the action is dismissed on the ground of plaintiff's contributory negligence and the issues submitted do not make certain whether the jury's affirmative finding on the issue of negligence was based upon ordinary negligence or wilful and wanton conduct on the part of defendant.

**3. Bill of Discovery § 4—**

Where plaintiff examines a person at a time when such person is a party to the action, defendant is entitled to introduce such examination at

the trial, G.S. 1-568.4, notwithstanding that the person examined is not a party at the time of the trial, subject to the limitation that the deposition may not be used in evidence against a party not notified of the taking thereof, and the rules relating to the deposition of a witness are not pertinent.

APPEAL by plaintiff from *Braswell, J.,* November 28, 1966 Regular Civil Session of WAKE.

The first trial of this action was at the December 1965 Regular Civil Session. Involuntary nonsuit was entered at the conclusion of the plaintiff's evidence as to defendant Dolly Barham. Issues of negligence and contributory negligence, arising on the pleadings of plaintiff and of defendant administratrix, were answered, "Yes." On plaintiff's appeal from judgment dismissing the action as to defendant administratrix, this Court awarded a new trial. See *Pearce v. Barham,* 267 N.C. 707, 149 S.E. 2d 22, where the pleadings and evidence before the court at said first trial are summarized.

Thereafter, by leave of court, plaintiff amended paragraph 12 of her (amended) complaint by adding to the specifications of negligence theretofore alleged (subparagraphs (a) through (g)) the following:

"(h) The deceased, Calvin W. Barham, was operating his car with wilful and wanton negligence, purposely and deliberately in violation of the motor vehicle laws of North Carolina, and with the deliberate purpose not to discharge the duty necessary to the safety of his passengers, and with a wicked purpose to endanger his passengers, needlessly and with a reckless indifference to the rights of his passengers.

"(i) The deceased, Calvin W. Barham, was wantonly and wilfully negligent with respect to plaintiff's safety and with a reckless indifference to her rights, by driving his car in the middle of a narrow rural paved road, with one hand on the steering wheel, at a speed in excess of ninety miles an hour, into an intersection."

Defendant administratrix filed no additional pleading.

When the case came on for (second) trial at said November 28, 1966 Regular Civil Session, evidence was offered by both plaintiff and defendant administratrix.

In addition to issues of negligence, contributory negligence, and damages, which were submitted by the court, plaintiff tendered the following issue: "Was the negligence of the deceased wilful or wanton as alleged in the complaint?" Plaintiff's exception No. 14 is to the court's refusal to submit this issue.

The jury answered the negligence and contributory negligence issues, "Yes," and the court entered judgment dismissing the action. Plaintiff excepted and appealed.

PEARCE v. BARHAM.

*Everett & Creech for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis for defendant appellees.*

BOBBITT, J.   There was evidence which, when considered in the light most favorable to plaintiff, tends to show: On February 19, 1964, near midnight, Calvin W. Barham (Calvin), was driving his Ford car in a northeasterly direction along Rural Paved Road No. 2224. Plaintiff, seated to Calvin's right, and Dolly Barham (Dolly), seated to plaintiff's right, were passengers. As he approached Fowler's Crossroads, the intersection of No. 2224 with Rural Paved Road No. 2308, Calvin was driving in a drizzling rain, with slick tires, upgrade, at a speed of ninety miles an hour "or better," moving back and forth across the road; and, although confronted by the stop sign at that intersection, failed to stop or slow down, crossed the intersection at such speed and lost control. As a result, his car left the road and overturned in a field some 288 feet from where it left the road, killing the driver and injuring the passengers. There was evidence sufficient to support a finding that Calvin's conduct was both wilful and wanton.

In charging the jury with reference to the first (negligence) issue, the court referred to plaintiff's original specifications of Calvin's negligence and then to her later allegation that she was injured by his wilful and wanton negligence. The court then defined "wilful negligence" and "wanton negligence." (Technically, wilful and wanton "conduct" rather than "negligence" would seem correct.) Thereupon the court charged as follows:

If the plaintiff has satisfied you from the evidence and by its greater weight that Calvin Barham "was negligent *either* in that he failed to use due care by failing to maintain a proper lookout in the operation of the Ford, for the safety of his passenger, the plaintiff, *or* that he failed to keep his Ford under proper control, *or* that he operated the Ford with improper equipment in that his tires were slick and without tread on a rainy, drizzly road at night, *or* that he operated the Ford at a speed in excess of fifty-five miles per hour in a fifty-five mile per hour zone, *or* that he operated the Ford wilfully and wantonly, purposely and deliberately at an excessive rate of speed, to wit, ninety miles per hour in a fifty-five mile per hour zone, and with a deliberate and wicked purpose to endanger the safety of his passenger, the plaintiff; I say if the plaintiff has proven *either or any* of those things, and proven it by the greater weight of the evidence; and has further proven by the greater weight of the evidence the negligence of the defendant in *any one or more* of these regards not only exists, but that such negligence was one of the

proximate causes of the injury complained of, that is that it was one of the causes without which it never would have occurred; then it would be your duty to answer this first issue in the plaintiff's favor, that is, 'Yes.' " (Our italics.)

In view of the wording of the first issue and the court's instruction with reference thereto, the jury's answer, "Yes," provides no answer to the issue as to whether plaintiff was injured by the wilful or wanton conduct of Calvin. Had the additional issue tendered by plaintiff been submitted, the jury's answer thereto would have eliminated the present uncertainty as to the significance of the jury's answer to the first submitted issue. The court erred in refusing to submit this additional issue, and the failure to submit it caused or contributed to the present uncertainty as to the meaning of the jury's answer to the first issue. Under these circumstances, we deem it proper to assume, for present purposes, that the jury did in fact find from the evidence and by its greater weight that plaintiff's injuries were proximately caused by the wilful or wanton conduct of Calvin. We consider portions of the charge relating to the second (contributory negligence) issue in the light of this assumption.

Defendant administratrix, in pleading contributory negligence, alleged the ability of each of the three occupants of the car was appreciably affected on account of drinking some intoxicating beverage; that if Calvin was the driver, which she denied, plaintiff was negligent (1) in that she continued to ride in the car without protest or remonstrance in respect of the manner in which it was being operated and made no request that she be permitted to get out of the car, and (2) in that plaintiff "engaged in a fight with defendant's intestate while he was trying to operate the automobile (if he was driving at the time) by grabbing, jerking and pulling at him and slapping him in the face while in a drunken rage, all of which was done in a manner which was calculated to and which in fact did cause the loss of control of the automobile and its consequent wrecking."

With reference to the second (contributory negligence) issue, the court instructed the jury as follows: "If the plaintiff, as a guest passenger, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious person, saw or should have seen that the driver, Calvin Barham, was conducting himself in a negligent manner, that is, that he was driving at an excessive and unlawful rate of speed and in excess of fifty-five miles per hour in a fifty-five mile per hour zone, or that he operated the Ford wilfully and wantonly, in excess of ninety miles per hour, or that he failed to keep his vehicle under proper control, or that he failed to keep a proper lookout for the safety of his passenger, and that she saw and observed these things, and that she then failed under the circum-

stances to do what a reasonably prudent and cautious passenger would have done, and that you find that a reasonably prudent and cautious passenger would have warned or cautioned or protested or attempted to persuade the driver from his negligent conduct and encouraged him to drive the vehicle in a careful and prudent manner, or that she failed to protest and had reasonable grounds and opportunity to protest and ask the driver to stop the vehicle to let her dismount and cease to be a passenger; and if you should find from the evidence and by its greater weight that the plaintiff failed to so warn or caution or persuade the defendant driver, and that such failure caused or contributed to the accident and the upset and collision in the field by the side of Rural Public Road 2224, and that it resulted in injury to the plaintiff, passenger, that then under those circumstances the plaintiff would be guilty of contributory negligence, which would bar her recovery from this defendant." Plaintiff's exception No. 16 is directed to the foregoing instruction.

"Ordinarily, where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery." 65A C.J.S., Negligence § 131(a), p. 110. *Accord,* 38 Am. Jur., Negligence § 178, p. 854; *Blevins v. France,* 244 N.C. 334, 93 S.E. 2d 549; *Fry v. Utilities Co.,* 183 N.C. 281, 111 S.E. 354; *Brendle v. R. R.,* 125 N.C. 474, 34 S.E. 634. In *Brendle,* Douglas, J., for the Court states: "It is well settled that contributory negligence, even if admitted by the plaintiff, is no defense to willful or wanton injury."

"While there is some authority to the contrary, it has been held that no recovery can be had for an injury willfully and wantonly inflicted, where willful or wanton conduct for which plaintiff is responsible contributed as a proximate cause thereof." 65A C.J.S., Negligence § 131(a), p. 113. *Accord,* 38 Am. Jur., Negligence § 178, p. 856; 2 Restatement 2d, Torts § 503; *Gulf Mobile & Ohio R. Co. v. Freund,* 183 F. 2d 1005 (8th Cir., 1950), 21 A.L.R. 2d 729. In this connection, these facts are noted: Defendant administratrix, in pleading the contributory negligence of plaintiff, did not characterize her conduct as willful or wanton. The only alleged conduct of plaintiff that might be so characterized relates to *active* interference by plaintiff with Calvin and with his operation of the car.

The error in the quoted instruction relating to the contributory negligence issue is that the court instructed the jury the mere failure of plaintiff to protest and remonstrate and ask the driver to stop and let her get out of the car would be such contributory negligence as would bar recovery. Such conduct on the part of plaintiff would be no more than ordinary negligence and would not be a bar to recovery if plaintiff were injured as a result of Calvin's wilful or

wanton conduct. For the errors indicated, plaintiff is entitled to a new trial.

It is noted that the court's final instruction on the contributory negligence issue was that the jury should answer the issue, "Yes," if they found from the evidence and by its greater weight that plaintiff was negligent *"either* in that she rode and continued to ride in the Ford automobile while it was being negligently operated without protest or remonstrance, when she had opportunity to make requests to be let out and made no request, *or* that she engaged in a fight with Calvin Barham by slapping at him with her hands, he being the driver," etc. (Our italics.) Again, under this instruction, the jury was told that the first alternative finding, namely, a finding as to ordinary negligence, would be a bar to plaintiff's right to recover notwithstanding she was injured by Calvin's wilful or wanton conduct.

In view of its probable recurrence at the next trial, we deem it appropriate to consider another question presented by plaintiff. Defendants offered and the court admitted, over plaintiff's objection, the transcript of the testimony of Dolly Barham taken at Henderson, North Carolina, before a commissioner, on April 17, 1965. Plaintiff challenges its admissibility on the ground that, since Dolly Barham was not a party to this action when this transcript was offered, its status was that of a deposition of *a witness,* under G.S. Chapter 8, Article 10, and defendant had failed to establish that Dolly Barham could not be located and required to testify at trial.

Plaintiff, as "(e)xamining party," procured the examination of Dolly Barham, then a party defendant herein. G.S. 1-568.1. In applying for such examination, plaintiff invoked specifically the provisions of G.S. Chapter 1, Article 46, to wit, G.S. 1-568.1 through G.S. 1-568.22. G.S. 1-568.4 provides, in part, that *"(a)ny* party to an action may examine before trial *any other party* to the action." (Our italics.) The pleadings having been filed, plaintiff was entitled to and obtained an order for the examination of Dolly Barham as a matter of right. G.S. 1-568.9(c); G.S. 1-568.11; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; Stansbury, N. C. Evidence, Second Edition, § 19.

These facts are noted: (1) Dolly Barham, in his answer to plaintiff's (amended) complaint, denied ownership of and responsibility for the operation of the car and denied Calvin was his agent, but admitted categorically all of plaintiff's allegations as to the negligence of Calvin; and (2) on April 17, 1965, when he was examined, there was pending in Wake Superior Court an action instituted by Dolly Barham against the administratrix of Calvin in which Dolly sought to recover damages for injuries received on account of the

alleged negligence of Calvin with reference to the wreck of his car on February 19, 1964. It is noted further that, shortly after said examination by Dolly, to wit, on April 30, 1965, a consent judgment was entered in Dolly's separate action which, after reciting that all matters had been compromised and settled, dismissed the action.

The record shows all parties had notice of said examination of Dolly on April 17, 1965. Counsel for all parties were present. Dolly was examined *in extenso* by Mr. Everett, of counsel for plaintiff, and also by Mr. Dupree, of counsel for defendant.

We need not consider the evidence and Judge Braswell's findings to the effect Dolly, notwithstanding he had been served with subpœnas, was not present at the trial at November 28, 1966 Regular Civil Session and his "whereabouts" were unknown. In our view, the admissibility of the examination of Dolly, taken pursuant to the provisions of G.S. Chapter 1, Article 46, when he was a party, must be determined by these statutory provisions relating to the examination of parties, and not by the provisions of G.S. Chapter 8, Article 10, relating to depositions of witnesses.

G.S. 1-568.24(a) provides: "Upon the trial of the action or at any hearing incident thereto, *any* party may offer in evidence the whole, but, if objection is made, not a part only, *of any deposition taken pursuant to this article,* but such deposition shall not be used as evidence against any party not notified of the taking thereof as provided by G.S. 1-568.14." (Our italics.)

If and when the examination of a person *then a party* is properly taken in accordance with the provisions of G.S. Chapter 1, Article 46, we are of opinion, and so decide, that the transcript of the evidence so taken may be offered at trial *by any party* to the action, regardless of whether the person whose examination was taken was a party at the time of trial, subject to one limitation, namely, "but such deposition shall not be used as evidence against any party not notified of the taking thereof as provided by G.S. 1-568.14."

It is noted that "(a) party by examining a person pursuant to the provisions of this article does not make such person his witness; but the party who introduces the deposition in evidence, or who first introduces any part thereof in evidence, does make such person his witness." G.S. 1-568.25.

While not applicable to the present case, attention is called to Civil Procedure Rule 26 as set forth in Chapter 954, Session Laws of 1967, to become effective July 1, 1969, which, to the extent of conflict, repeals and supersedes G.S. Chapter 1, Article 46, and G.S. Chapter 8, Article 10. Nothing stated herein bears upon the construction or significance of said 1967 Act.

For the reasons stated, the transcript of the testimony of Dolly

was not inadmissible on the grounds asserted by plaintiff. We perceive no error in its admission.

The transcript of Dolly's testimony includes evidence favorable to defendant administratrix, particularly with reference to the contributory negligence issue. After defendant had offered this transcript, plaintiff was recalled and gave testimony as to what occurred in the car during the period preceding the wreck. Defendant administratrix asserts this testimony was incompetent. However, on this appeal, no question is presented as to the competency of any portion of plaintiff's said testimony. It is noted that one feature of this question was considered and decided on former appeal.

Since a new trial is awarded, it is unnecessary and inappropriate to discuss plaintiff's other assignments of error in the context of the evidence in the present record. What the evidence will be at the next trial cannot be foreseen. Indeed, differences between the evidence at the first trial and at the second trial have been detected. One such difference is in the reported testimony of plaintiff's witness Albert Lee Jeans. According to the record on former appeal, Jeans testified at the first trial to an incident where Calvin, shortly before the wreck, remarked to Jeans he was having "female trouble," and, with a pistol in one hand, was trying to force plaintiff into his car. According to the record now before us, Jeans did not give this testimony at the second trial. In view of plaintiff's allegations as to Calvin's wilful and wanton negligence, it seems remarkable that such graphic testimony of an unusual incident should have been overlooked.

On the ground indicated above, plaintiff is entitled to and is awarded a

New trial.