LEIGH CHRISTIAN JARVIS, BY AND THROUGH HIS GUARDIAN AD LITEM, HENRY C. FRENCK, AND BERNICE M. JARVIS v. GREGORY LEONARD SANDERS (LEONARD GREGORY SANDERS), BY AND THROUGH HIS GUARDIAN AD LITEM, WALTER W. PITT, JR., JANE MOOREFIELD KOTELES, AND THEODORE ALOYS KOTELES

No. 7621SC1036

(Filed 19 October 1977)

**Automobiles § 91.3— motorcycle collision— failure to submit issue of gross negligence — no error**

In an action to recover for injuries sustained in a motorcycle collision, the trial court did not err in its instructions to the jury and in its failure to submit an issue of gross negligence where plaintiff's evidence did not show a reckless, wanton, needless act or omission on the part of defendant in the operation of his motorcycle but at best disclosed only a breach of defendant's duty to exercise ordinary care.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 23 July 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 21 September 1977.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries incurred in a collision between motorcycles operated by plaintiff, Chris Jarvis, and defendant, Greg Sanders.

The court allowed the motions of defendants, Jane and Theodore Koteles, the mother and stepfather respectively of defendant, Greg Sanders, for directed verdicts.

The following issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff Leigh Christian Jarvis injured by the negligence of the defendant Gregory Leonard Sanders, as alleged in the Complaint?

ANSWER: Yes.

"2. Did the plaintiff Leigh Christian Jarvis contribute to his own injuries, as alleged in the Answer?

ANSWER: Yes."

From a judgment directing verdicts as to defendants, Jane and Theodore Koteles, and a judgment entered on the verdict as to defendant, Greg Sanders, plaintiff appealed.

*H. Glenn Pettyjohn by Theodore M. Molitoris for plaintiff appellants.*

*Deal, Hutchins and Minor by William Kearns Davis for defendant appellees.*

HEDRICK, Judge.

Plaintiff's assignments of error with respect to his claim against defendant, Greg Sanders, raise the single question of whether the court erred in failing to submit an issue to the jury as to the gross negligence and wanton, willful and intentional conduct of the defendant, Greg Sanders.

The evidence, when considered in the light most favorable to the plaintiff, tends to show the following:

Plaintiff, who was 15 years of age, and defendant, who was 16 years of age, were among a group of teenagers who frequently raced motorcycles on a private farm located in Winston-Salem, North

Carolina. Plaintiff owned a Suzuki TS 125 motorcycle and defendant owned a Suzuki TS 185 motorcycle.

There are a number of trails on the farm which compose basically two separate tracks. There is an outer track which is approximately one-half mile in diameter and a smaller shorter track called the "flat track." The terrain of the outer track is rougher with hills and ruts while the flat track is located in an open area. It was customary to travel in a counter-clockwise direction on the flat track and in a clockwise direction on the larger track.

The collision which gave rise to the suit herein occurred on the afternoon of 15 November 1973. Plaintiff was riding his motorcycle on the back stretch of the larger track proceeding at a speed of 35 to 40 m.p.h. in a clockwise direction. Defendant who had been riding in a clockwise direction stopped, turned around, and resumed travelling in the opposite direction accelerating to a speed of 35 to 40 m.p.h. When plaintiff observed the defendant headed toward him, he drove his motorcycle onto the grass shoulder on the right side of the trail, maintaining his speed. Though the trail was narrow there was sufficient room for the two motorcycles to clear each other. However, when they were within approximately 3 to 5 yards of each other, plaintiff saw defendant looking directly at him and "saw Greg's arm turn and he turned right towards me." The front wheel of defendant's motorcycle then collided with the front fender of plaintiff's motorcycle at a 45 degree angle causing serious injuries to plaintiff.

In view of the jury's finding of contributory negligence, the issue herein presented is critical to plaintiff's case. While this finding was fatal to plaintiff's recovery for ordinary negligence, contributory negligence will not bar a recovery on the basis of willful or wanton conduct or intentional conduct. *Brewer v. Harris*, 279 N.C. 288, 182 S.E. 2d 345 (1971); *Pearce v. Barham*, 271 N.C. 285, 156 S.E. 2d 290 (1967).

Willful, wanton or intentional conduct, or gross negligence which would allow plaintiff to recover damages for personal injuries even if the jury should find that plaintiff was guilty of contributory negligence has been defined as follows:

> " 'The term "wanton negligence" . . . always implies something more than a negligent act. This Court has said that the word "wanton" implies turpitude, and that the act is committed or omitted of willful, wicked purpose; that the term "willfully" implies that the act is done knowingly and of stub-

born purpose, but not of malice . . . Judge Thompson says: "The true conception of willful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract or which is imposed on the person by operation of law. Willful or intentional negligence is something distinct from mere carelessness and inattention, however gross. We still have two kinds of negligence, the one consisting of carelessness and inattention whereby another is injured in his person or property, and the other consisting of a willful and intentional failure or neglect to perform a duty assumed by contract or imposed by operation of law for the promotion of the safety of the person or property of another." Thompson on Neg. (2d Ed.), Sec. 20, *et seq.' Bailey v. R.R.*, 149 N.C. 169, 62 S.E. 912.

"To constitute willful injury there must be actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a design, purpose, and intent to do wrong and inflict injury. A wanton act is one which is performed intentionally with a reckless indifference to injurious consequences probable to result therefrom. Ordinary negligence has as its basis that a person charged with negligent conduct should have known the probable consequences of his act. Wanton and willful negligence rests on the assumption that he knew the probable consequences, but was recklessly, wantonly or intentionally indifferent to the results." (Citations omitted.) *Wagoner v. R.R.*, 238 N.C. 162, 167-8, 77 S.E. 2d 701, 705-6 (1953); *see also Hughes v. Lundstrum*, 5 N.C. App. 345, 168 S.E. 2d 686 (1969).

While the evidence here is sufficient to support the jury's finding of negligence on the part of the minor defendant and contributory negligence on the part of the plaintiff, we are of the opinion that it is not sufficient to raise an inference of willful, wanton or intentional conduct, or gross negligence on the part of the minor defendant. When the evidence is considered in the light most favorable to plaintiff, and tested by the definition of gross negligence and intentional conduct recognized in this state, it falls short of manifesting a reckless, wanton, needless act or omission on the part of the defendant in the operation of the motorcycle. The evidence at best discloses a breach of defendant's duty to exercise ordinary care. It raises no inference of an intentional or reckless disregard upon the part of the minor defendant of any duty imposed by contract or law for the safety of others operating motorcycles

upon private property. The court did not err in its instructions to the jury, and in its failure to submit an issue of gross negligence.

In view of our decision set out above, it is not necessary that we discuss plaintiff's additional assignments of error. All of plaintiff's assignments of error are overruled.

No error.

Judges VAUGHN and CLARK concur.