STEPHEN OLIVER DIXON v. JUNE KEYS WEAVER

No. 7810SC752

(Filed 5 June 1979)

**1. Automobiles § 91.3— running out of gas—failure to warn motorist—no willful and wanton conduct**

       Evidence that defendant ran out of gas on an interstate highway, abandoned her car in the left lane thus blocking the highway, and failed to flag or warn other motorists that there was danger ahead although there were others in her car who could have done so was insufficient to require the trial judge to submit an issue of willful and wanton conduct on the part of defendant to the jury.

**2. Negligence § 15— counsel's reference to comparative negligence—correction by court**

       In an action to recover for injuries sustained in an automobile accident, plaintiff was not prejudiced where the trial court promptly sustained plaintiff's objection and corrected the statement by defendant's counsel concerning comparative negligence.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 10 May 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 2 May 1979.

Plaintiff filed complaint charging that he was injured as the result of negligence on the part of defendant. Defendant answered denying negligence, pleaded contributory negligence, and counterclaimed for property damages. At trial, the jury answered the issue of negligence and the issue of contributory negligence in the affirmative. Judgment was entered against plaintiff, and he appealed.

*William L. Thorp and Anne R. Slifkin, for plaintiff appellant.*

*Gary S. Lawrence, for defendant appellee.*

ERWIN, Judge.

Plaintiff presents four arguments on appeal: (1) that the trial court erred in refusing to submit the issue of defendant's willful and wanton negligence to the jury; (2) that the trial court erred in failing to instruct the jury that plaintiff had no duty to anticipate the negligence of defendant since the jurors could not understand the issue of contributory negligence unless they understood that

plaintiff was not negligent in failing to anticipate that another driver would leave her car on the travel portion of the highway and fail to give any warning to others using the highway; (3) that the trial court erred in failing to instruct the jury that failure to warn other motorists of a stalled vehicle constitutes negligence since this made it impossible for the jury to properly consider whether or not plaintiff's actions constituted contributory negligence under the facts in this case; and (4) that the trial court committed error in allowing defense counsel to ask a question on *voir dire* which might allow the jury to use comparative negligence or percentage negligence in reaching a verdict in this case. We have carefully considered each of the arguments of the plaintiff and find no error on the record before us for the reasons that follow.

The evidence presented at trial tended to show that plaintiff was traveling west on Interstate 40 between Raleigh and Durham when this accident occurred. Plaintiff testified that he saw a truck parked on the right-hand side of I-40 with its flashing lights on and that he proceeded to follow a grey Plymouth into the left lane in order to avoid the truck, although it was not on the roadway. Thereafter, the Plymouth swerved to the right, and plaintiff was faced with defendant's car parked in the left-hand lane. He tried to avoid defendant's car but struck it, and as a result, his truck crashed causing damages to it and injuries to him.

M. S. Wilder testified that he saw defendant's automobile stopped in the left-hand lane, and he saw someone waving him to stop; he did. His truck was parked on the right-hand shoulder of the highway with blinker lights on. Wilder stated that defendant was asking him if he would take her to get some gasoline when the collision occurred.

Trooper Bailey, who investigated the accident, testified that plaintiff's truck traveled approximately 224 feet from the point of impact, that defendant's car traveled approximately 103 feet from the point of impact, and that there were no skid marks prior to the point of impact. The signal lights were on and flashing on the rear of defendant's car when he arrived on the scene.

Defendant testified that she was traveling on I-40, going from Raleigh to Durham, when her car ran out of gasoline, cut off, and stopped in the left lane for west-bound traffic. She put on her

signal lights. She and her children attempted to move the car, but were unable to do so. She flagged Mr. Wilder and was talking to him when the accident occurred.

Mr. James Cherney testified for defendant that he was following plaintiff's vehicle just prior to the accident. When he saw the collision, he pulled into the right-hand lane with no difficulty, and he saw no other automobile in this lane at that time.

[1] Plaintiff contends that defendant's conduct on this occasion amounted to willful and wanton negligence: that defendant should have known that she was going to run out of gasoline on an interstate highway; that knowing this condition, she continued to drive in the left lane rather than in the right lane; that she abandoned her car in the left lane for travel, blocking the highway; that she did not flag or warn other drivers that there was danger ahead, although there were others in her car who could have done so. Mr. Wilder testified:

> "[I] told the defendant that she should get her car off the road. She looked like she had plenty of help to move it as she had a big boy with her in the car. Also because the car was on the grade, she could have rolled the car off the road, but she didn't want to."

Our Supreme Court stated in *Wagoner v. R. R.*, 238 N.C. 162, 168, 77 S.E. 2d 701, 706 (1953):

> "To constitute willful injury there must be actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a design, purpose, and intent to do wrong and inflict injury. A wanton act is one which is performed intentionally with a reckless indifference to injurious consequences probable to result therefrom. Ordinary negligence has as its basis that a person charged with negligent conduct should have known the probable consequences of his act. Wanton and willful negligence rests on the assumption that he knew the probable consequences, but was recklessly, wantonly or intentionally indifferent to the results. *Everett v. Receivers*, 121 N.C. 519, 27 S.E. 991; *Ballew v. R. R.*, 186 N.C. 704, 120 S.E. 334; *Foster v. Hyman, supra; S. v. Stansell*, 203 N.C. 69, 164 S.E. 580; 38 Am. Jur., negligence, Sec. 48."

*Wagoner* was followed by this Court in *Jarvis v. Sanders,* 34 N.C. App. 283, 237 S.E. 2d 865 (1977). Plaintiff calls our attention to *Pearce v. Barham,* 271 N.C. 285, 289, 156 S.E. 2d 290, 294 (1967), which stands for the rule: " 'Ordinarily, where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery.' " (Citations omitted.) However, the facts in the case *sub judice* are clearly distinguishable from *Pearce,* where the defendant was driving his motor vehicle at a speed of or near 90 m.p.h. in a 55 m.p.h. zone and failed to stop for a stop sign. This conduct gave rise to an inference of willful, wanton, or intentional conduct, or gross negligence on the part of that defendant. In the case before us, taking the evidence in the light most favorable to the plaintiff, we hold that the evidence was not sufficient to require the trial judge to submit an issue of willful and wanton conduct on the part of the defendant to the jury. This assignment of error is overruled.

Plaintiff did not request the trial judge to give any instructions; however, he complains that there were errors in the instructions given. We do not agree.

Plaintiff contends that defendant was negligent in failing to warn plaintiff that her vehicle was stopped on the road. The court did not instruct the jury as plaintiff contended. The record revealed: (1) that the accident occurred in the daytime while the weather was clear; (2) that I-40 was straight at the point of impact and for some distance prior to impact; (3) that there were no obstructions to plaintiff's view except the possibility of the grey Plymouth in front of him; and (4) that defendant's car was not hidden and was in plain view. The record does not reveal the distance plaintiff was driving behind the Plymouth nor the distance from the point the Plymouth was driven into the right lane to the point defendant's car was stalled.

It is the duty of the driver of an automobile to keep a reasonable, careful lookout in the direction of travel so as to avoid collision with animals, persons, and vehicles on the highway. *Singletary v. Nixon,* 239 N.C. 634, 80 S.E. 2d 676 (1954). Defendant's vehicle could or should have been seen on the highway. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657 (1954). We find no error.

[2]    The record reveals the following:

"VOIR DIRE EXAMINATION

MR. LAWRENCE: Ladies and gentlemen, if in deliberation, in your deliberation of the facts in this case if you should determine that one party, say the plaintiff, was 10 to 20% at fault and the other party, the defendant was 80 to 90% at fault, could you then take the law as the judge instructs you and find that neither party was entitled to recover?

MR. THORP: Objection, Your Honor.

COURT: The objection is overruled.

EXCEPTION NO. 1

COURT: But, Members of the Jury, the Court states to you that under the law of North Carolina there is no rule by which a jury may allocate liability in the event the determination from the evidence is that both parties were negligent and that the negligence of each was the proximate cause of the loss caused by that party. But rather the law is that if each party is negligent and that negligence is the proximate cause of the loss complained by that party, you may not recover. For in such an event the contributory negligence of the party seeking recovery completely bars his right to recovery.

EXCEPTION NO. 2"

Judge McLelland promptly corrected the statement by defendant's counsel. We find no error. Suffice it to say as Justice Higgins stated for our Supreme Court in *Turner v. Turner*, 261 N.C. 472, 474, 135 S.E. 2d 12, 14 (1964):

"[H]owever, the variation from the script approved by this Court in such cases is too slight and too microscopic to have misled the jury or to have influenced the verdict. 'New trials are not awarded because of technical errors. The error must be prejudicial.' *Davis v. Ludlum*, 255 N.C. 663, 122 S.E. 2d 500."

In the trial, we find

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.