BARRY T. HARRINGTON v. JOSEPH BRIGHT COLLINS

No. 57

(Filed 6 November 1979)

1. **Automobiles § 94.10— willful or wanton conduct by driver—contributory negligence or willful or wanton conduct by passenger**

    While ordinary negligence on the part of a plaintiff will not defeat his recovery from a defendant whose willful or wanton negligence proximately caused plaintiff's injury, plaintiff's willful or wanton negligence is a defense in an action seeking recovery for injuries caused by defendant's willful or wanton conduct.

2. **Automobiles § 94.10— willful or wanton conduct by driver—acquiescence by passenger**

    In the legal context of whether a plaintiff who is a gratuitous passenger has acquiesced in defendant's acts which constitute willful or wanton conduct, plaintiff's acquiescence must be more than ordinary negligence to bar his recovery, and plaintiff's mere failure to protest, remonstrate or request that he be allowed to leave the car is no more than simple negligence.

3. **Automobiles §§ 52, 90.10— prearranged racing—willful or wanton conduct**

    Defendant driver's participation in a prearranged speed competition in violation of G.S. 20-141.3(a) constituted willful or wanton conduct and was a proximate cause of injuries received by plaintiff passenger in a collision during the race.

4. **Automobiles § 94.10— acquiescence in prearranged race—no willful or wanton conduct as matter of law**

    Plaintiff passenger's failure to remonstrate or to leave a car at a rural crossroads minutes past midnight on a cold Christmas Eve when he learned of the driver's plan to engage in a prearranged speed competition did not constitute willful or wanton conduct as a matter of law which would bar his action against the driver of the second car involved in the race for injuries caused by defendant's willful or wanton conduct.

    Justice CARLTON did not participate in the consideration or decision of this case.

ON discretionary review to review the decision of the North Carolina Court of Appeals reported in 40 N.C. App. 530 reversing the judgment of *Gavin, S.J.,* entered at the 23 January 1978 Session of HARNETT Superior Court granting defendant's motion for a directed verdict.

Plaintiff Barry T. Harrington instituted this action for personal injuries sustained on 24 December 1974 while riding in an

automobile operated by Woody Salmon. The Salmon car and another automobile operated by defendant were engaged in a prearranged speed competition when the two cars collided causing plaintiff's injuries.

The undisputed evidence shows that at approximately 11:30 p.m. on 23 December 1974, plaintiff, aged eighteen, left his girlfriend at her home and drove to the Pioneer Grill on U.S. Highway 421 between Broadway and Lillington, North Carolina. Plaintiff walked to Woody Salmon's two-door Plymouth which was parked at the grill with the motor running. Salmon was in the driver's seat, Lynn Stewart was sitting in the front seat on the passenger side and Ronnie Dennis occupied the back seat. At Dennis's invitation, plaintiff climbed into the back seat behind the driver.

Defendant J. B. Collins then pulled up beside the Salmon car, and after a brief exchange between the drivers the two cars "took off beside each other" down the highway. The cars sped toward the crossroads about two miles away. The Salmon car arrived there first and pulled over onto the shoulder. Defendant then drove up beside Salmon and challenged him to a race back to the grill. Salmon indicated that he did not want to race. When defendant offered to bet him five dollars to race, Stewart agreed to cover the bet. Plaintiff and Dennis both overheard this conversation. However, neither plaintiff nor Dennis asked to get out of the car or said anything to Salmon about his driving.

The cars were stopped at the crossroads for about a minute before they started to race back to the grill. The time was just after midnight. Salmon's car passed defendant and began to slow down as it went by the designated finish line at the grill. Defendant in attempting to pass Salmon hit the left side of Salmon's car causing it to leave the road. Plaintiff and Dennis each suffered severe, permanent injuries. Salmon and Stewart were killed. The entire episode lasted about five minutes.

The parties stipulated that defendant pleaded guilty in district court to engaging in a prearranged speed competition, driving in excess of seventy-five miles per hour and operating a motor vehicle after his license had been revoked. All of these charges arose from the above-recited events.

Both plaintiff and Dennis brought civil actions against defendant, and the actions were consolidated for trial. At the conclusion of plaintiff's evidence, Judge Gavin granted defendant's motion for a directed verdict in both cases on the ground that the evidence proved each plaintiff to be contributorily negligent as a matter of law. Each plaintiff appealed separately to the Court of Appeals. One panel of that court affirmed the trial court as to Dennis in an unpublished opinion. In the instant case Judge Harry C. Martin, writing for another panel with Chief Judge Morris and Judge Carlton concurring, reversed the trial judge's ruling. In so deciding, this panel of the Court of Appeals concluded that: (1) defendant's conduct was willful or wanton as a matter of law and was a proximate cause of plaintiff's injuries; (2) mere contributory negligence on the part of plaintiff would not bar recovery against defendant's willful or wanton conduct, but plaintiff would be barred when his own conduct is also willful or wanton and a proximate cause of his injuries; (3) mere failure by plaintiff to protest or remonstrate or ask to get out of the car is no more than ordinary negligence; and (4) although plaintiff's acquiescence in the prearranged racing would bar his recovery, the evidence was insufficient to find that plaintiff acquiesced as a matter of law.

Defendant petitioned this Court for discretionary review pursuant to G.S. 7A-31, and his petition was allowed on 5 June 1979.

*Bowen & Lytch by Wiley F. Bowen for plaintiff appellee.*

*Bryan, Jones & Johnson by Robert C. Bryan for defendant appellant.*

BRANCH, Chief Justice.

The question presented by this appeal is whether the Court of Appeals erred in reversing the trial court's ruling granting defendant's motion for a directed verdict.

Defendant contends that the Court of Appeals erred in holding that ordinary contributory negligence on the part of plaintiff does not bar recovery as against defendant's willful or wanton conduct. He argues that this rule should not be applied in cases of prearranged racing in which a passenger has acquiesced by failing to take steps for his own protection, or alternatively, that plain-

tiff's acquiescence should amount to willful or wanton conduct as a matter of law and thus bar recovery. We disagree.

This Court considered the law of contributory negligence as a defense to the defendant's willful or wanton conduct in *Pearce v. Barham*, 271 N.C. 285, 156 S.E. 2d 290 (1967). There, Justice Bobbitt (later Chief Justice) speaking for the Court stated:

> "Ordinarily, where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery." [Citations omitted.] In [*Brendle v. R.R.*, 125 N.C. 474, 34 S.E. 634 (1899)], Douglas J., for the Court states: "It is well settled that contributory negligence, even if admitted by the plaintiff, is no defense to willful or wanton injury."

> "While there is some authority to the contrary, it has been held that no recovery can be had for an injury willfully and wantonly inflicted, where willful or wanton conduct for which plaintiff is responsible contributed as a proximate cause thereof." [Citations omitted.] . . .

> The error in the quoted instruction relating to the contributory negligence issue is that the court instructed the jury the mere failure of plaintiff to protest and remonstrate and ask the driver to stop and let her get out of the car would be such contributory negligence as would bar recovery. Such conduct on the part of plaintiff would be no more than ordinary negligence and would not be a bar to recovery if plaintiff were injured as a result of Calvin's wilful or wanton conduct.

*Id.* at 289-90, 156 S.E. 2d at 294.

[1] *Pearce* stands for the proposition that ordinary negligence on the part of a plaintiff will not defeat his recovery from a defendant whose willful or wanton negligence proximately caused plaintiff's injury. Furthermore, it is the majority rule, and we think the better reasoned rule, that plaintiff's willful or wanton negligence is a defense in an action seeking recovery for injuries caused by defendant's willful or wanton conduct. *Hinkle v. Minneapolis, Anoka & Cuyuna Range Railway*, 162 Minn. 112, 202 N.W. 340 (1925); *see also* Annot., 41 A.L.R. 1379 (1926) and cases cited therein.

In cases where defendant is guilty of simple negligence, this Court has held that under certain circumstances it becomes the duty of the gratuitous passenger in the exercise of due care for his own safety to protest, remonstrate the driver and, if his warning is disregarded, to request that the automobile be stopped and he be permitted to leave the car. *Samuels v. Bowers*, 232 N.C. 149, 59 S.E. 2d 787 (1950), *petition for rehearing dismissed*, 232 N.C. 522, 61 S.E. 2d 448 (1950); *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162 (1942); 5 Blashfield Automobile Law and Practice § 215.20 (3d ed. 1966). However, in such cases whether the guest passenger should remonstrate, protest or even leave the automobile is ordinarily a question for the jury to be decided according to the particular circumstances of each case and upon the standard of what an ordinarily prudent person in the exercise of due care would have done under similar circumstances. *Beam v. Parham*, 263 N.C. 417, 139 S.E. 2d 712 (1965); *Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543 (1961); *Bell v. Maxwell*, 246 N.C. 257, 98 S.E. 2d 33 (1957); *Samuels v. Bowers, supra.*

Defendant further contends that plaintiff acquiesced in the race and thus is barred from recovery as a matter of law. He relies on *Boykin v. Bennett*, 253 N.C. 725, 118 S.E. 2d 12 (1961). That case involved a speed competition which caused the death of the plaintiff's intestate, a gratuitous passenger. In overruling the trial court's sustaining of demurrers to the complaint, this Court held that the defendants, in claiming contributory negligence, had failed to allege that the plaintiff's intestate either knew or should have known before the race was underway that the defendants would engage in a speed competition. In holding that the defendants were concurrently liable, the Court stated:

> All who wilfully participate in speed competition between motor vehicles on a public highway are jointly and concurrently negligent and, if damage to one not involved in the race proximately results from it, all participants are liable, regardless of which of the racing cars actually inflicts the injury, and regardless of the fact that the injured person was a passenger in one of the racing vehicles. *Of course, if the injured passenger had knowledge of the race and acquiesced in it, he cannot recover.*

*Id.* at 731-32, 118 S.E. 2d at 17 (emphasis added). Defendant in the instant case relies on the italicized portion of the above-quoted statement and contends that plaintiff is consequently barred by his own acquiescence to the race. However, in *Boykin* the question of acquiescence was not before the Court, the sole issue being whether the complaint was sufficient to state a cause of action. The statement relied upon by defendant was merely a general observation which did not attempt to define "acquiescence" or apply it to the facts of the case. In our opinion, this statement is dictum and therefore not authoritative.

[2]   "Acquiescence" has been construed by the courts in many different contexts. It has been described as passive compliance as distinguished from avowed consent on one hand and open opposition on the other. *Paul v. Western Distributing Co.,* 142 Kan. 816, 52 P. 2d 379 (1935). In addition, it has been defined as a failure to make objections, *Scott v. Jackson,* 89 Cal. 258, 26 P. 898 (1891), and as submission to an act of which one has knowledge. *Pence v. Langdon,* 99 U.S. 578, 25 L.Ed. 420 (1878). Conversely, "acquiescence" is conduct recognizing the existence of a transaction and intended to some extent at least, to carry it into effect. *De Boe v. Prentice Packing & Storage Co.,* 172 Wash. 514, 20 P. 2d 1107 (1933). *See also Black's Law Dictionary* 40 (4th ed. rev. 1968). The difficulty in defining "acquiescence" stems from the fact that its meaning varies according to the context in which it is used. It is clear, however, that in the legal context of whether or not a plaintiff who is a gratuitous passenger has acquiesced in defendant's acts which constitute willful or wanton conduct, plaintiff's acquiescence must be more than ordinary negligence to bar his recovery. The mere failure to protest, remonstrate or request that he be allowed to leave the car is no more than simple negligence. *Pearce v. Barham, supra.* Under the circumstances of this case, whether or not plaintiff's conduct amounted to more than simple negligence is a question for the jury.

In ruling upon a motion for a directed verdict in favor of defendant on grounds of contributory negligence, it is the general rule that such a motion may only be granted when the evidence, taken in the light most favorable to the plaintiff, establishes his negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies even arising from plaintiff's own evidence must be resolved by

the jury rather than the trial judge. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976); *Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973). This same rule applies in cases involving willful or wanton conduct.

[3, 4]   We turn to an application of the above-stated rules of law to the evidence in this case. Here, defendant pleaded guilty to willfully engaging in a prearranged speed competition in violation of G.S. 20-141.3(a). The Court of Appeals correctly held that this constituted willful or wanton conduct and was a proximate cause of plaintiff's injuries. The evidence, taken in the light most favorable to plaintiff, discloses that plaintiff had no notice of an agreement to race when he entered the Salmon car or before the automobiles left the grill. Only when the cars were stopped at the crossroads for approximately one minute did the eighteen-year-old plaintiff become aware of a plan for a prearranged speed competition. We hold that plaintiff's failure to remonstrate or to leave the car at a rural crossroads minutes past midnight on a cold Christmas Eve does not constitute willful or wanton conduct as a matter of law. Accordingly, the trial court erred in granting defendant's motion for a directed verdict.

The decision of the Court of Appeals is

Affirmed.

Justice CARLTON did not participate in the consideration or decision of this case.