Plaintiff's claim was denied on the grounds that he was contributorily negligent in provoking the assault which he claimed the defendant negligently failed to prevent. In the present motion to set aside that decision, the plaintiff alleges that a corrections officer sold the knife used to the assailant, and that this conduct "constitutes willful and wanton negligence that overrides any contributory negligence on the part of the plaintiff", citing Harrington v. Collins, 298 N.C. 535,259 S.E.2d 275, 278 (1979). As plaintiff argues, "Gross, willful or wanton negligence is a conscious and intentional disregard of and indifference to the rights and safety of others." Berrier v.Thrift, 107 N.C. App. 356, 420 S.E.2d 206, 208 (1992), disc. rev.denied, 333 N.C. 254, 424 S.E.2d 918 (1993)." The State Tort Claims Act (N.C.G.S. Ch. 143, Art. 31, § 143-291, et seq.) provides a remedy for the negligent, but not the intentional conduct of State employees. The Court of Appeals has specifically held that "willful and wanton" conduct — the "intentional failure or neglect to perform a duty . . . imposed by operation of law for the promotion of the safety of the person or property of another" — is therefore not "negligent" conduct for which the State Tort Claims Act provides a remedy. Braswell v. N.C. AT State Univ.,5 N.C. App. 1, 8, 168 S.E.2d 24 (1969). Consequently, I respectfully DISSENT.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
JRW/tmd 6/27/95