JAMES KEVIN CISSELL, Administrator of the Estate of CARLA T. CISSELL, Plaintiff v. GLOVER LANDSCAPE SUPPLY, INC. and ROBERT C. GLOVER, Defendants

No. COA96-1253

(Filed 1 July 1997)

**Automobiles and Other Vehicles § 563 (NCI4th)— collision of car with parked truck blocking lane—contributory negligence of decedent—gross negligence by truck driver not submitted**

The trial court erred in an action arising from the collision of an automobile with a parked truck by not submitting the issue of the truck driver's wilful and/or wanton conduct (gross negligence) to the jury where the truck and trailer were parked for the purpose of loading equipment on the right side of a rural two-lane paved road at a point where the road was about 36 feet wide; the truck and trailer were on the pavement; other parking locations off the pavement were available; vehicles continued to pass in both directions unobstructed by the truck and it was not uncommon for other vehicles to park on the paved portion of the road in this area; plaintiff's decedent was killed when her vehicle struck the flatbed trailer; the driver of the truck testified that he had placed three cones and turned on the truck's flashers, but an officer testified that he did not find any cones or flashing lights;

officers also testified that the sun in the direction plaintiff was driving was blinding and played a role in the accident; the trial judge instructed the jury on negligence, contributory negligence, and damages, but not on the truck driver's gross negligence; and the jury found negligence by the truck driver and contributory negligence by the decedent.

**Am Jur 2d, Automobiles and Highway Traffic § 1036.**

Judge JOHN dissenting.

Appeal by plaintiff from judgment filed 7 May 1996 by Judge Donald W. Stephens in Vance County Superior Court. Heard in the Court of Appeals 21 May 1997.

*Perry, Kittrell, Blackburn & Blackburn, by Charles F. Blackburn, for plaintiff-appellant.*

*Broughton, Wilkins, Webb & Sugg, P.A., by Charles P. Wilkins, for defendants-appellees.*

GREENE, Judge.

James Kevin Cissell, administrator of the estate of Carla T. Cissell (Cissell), appeals from a jury verdict in favor of Robert Glover (Glover) and Glover Landscape Supply Company (G.L.S.C.).

On 20 February 1994 at approximately 7:45 a.m. Glover, an employee of G.L.S.C., was driving a dump truck (approximately twenty-three feet long and eight feet wide) which pulled a flatbed trailer (approximately thirty feet long and eight feet wide) owned by G.L.S.C., along a rural two-lane paved road known as Emergency Road in a westerly direction. Glover stopped the truck and trailer (after turning around to head in an easterly direction) at a location where the road widened to approximately thirty-six feet and pulled onto the right side of the road for the purpose of loading a large piece of equipment. The truck and trailer were parked on the pavement although other parking locations were available off the pavement. Glover testified that vehicles continued to pass in both directions unobstructed by the truck and that it was not uncommon for other vehicles to park on the paved portion of the road in this area. At approximately 8:00 a.m. Cissell was driving in an easterly direction on Emergency Road when her vehicle struck the rear of the flatbed trailer, directing the car underneath the flatbed trailer. Cissell was killed in the collision. Although Glover testified that he had placed

CISSELL v. GLOVER LANDSCAPE SUPPLY, INC.

[126 N.C. App. 667 (1997)]

three cones and put on the truck's flashers when he first exited the truck, Officer M. L. Perry (Perry) of the Henderson Police Department, who arrived at the scene approximately five minutes after the accident occurred, testified that he did not find any traffic cones or flashing lights or other warning devices. Perry also testified that the sun in the direction the plaintiff was driving was blinding. Two other officers who arrived at the scene testified that the sun played a role in causing the accident as it could have obstructed Cissell's view.

At the close of the evidence Cissell requested the trial court to instruct the jury on the issue of Glover's gross negligence. This request was denied by the trial court. The trial judge instructed the jury on the issue of negligence, contributory negligence, and damages. The jury returned a verdict answering in the affirmative that Cissell was "injured by the negligence of [Glover]," and also answering in the affirmative that "Cissell by her own negligence [did] contribute to her injury."

The issue is whether the evidence supported an instruction to the jury on gross negligence.

Contributory negligence will not bar a plaintiff's recovery where the defendant's wilful and/or wanton conduct is a proximate cause of the plaintiff's injuries.; *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971); *Siders v. Gibbs*, 39 N.C. App. 183, 185, 249 S.E.2d 858, 859 (1978); *Jarvis v. Sanders*, 34 N.C. App. 283, 285, 237 S.E.2d 865, 866 (1977). Wilful or wanton conduct in the context of the contributory negligence issue has sometimes been referred to as gross negligence, *Jarvis*, 34 N.C. App. at 285, 237 S.E.2d at 866; *Bullins v. Schmidt*, 322 N.C. 580, 582, 369 S.E.2d 601, 603 (1988), but the use of that term cannot be read to describe conduct less negligent than that suggested by the phrase "wilful or wanton conduct."[1]

1. This Court has construed "gross negligence" in the context of the wrongful death statute, N.C.G.S. § 28A-18.2(b)(5) (1984), as authorizing "punitive damages in cases where the defendant's conduct was something less than wilful or wanton." *Beck v. Carolina Power & Light Co.*, 57 N.C. App. 373, 384, 291 S.E.2d 897, 903, *aff'd*, 307 N.C. 267, 297 S.E.2d 397 (1982); *Cowan v. Brian Center Management Corp.*, 109 N.C. App. 443, 448, 428 S.E.2d 263, 266 (1993). These cases, however, must not be read as establishing, in the context of contributory negligence, a definition for gross negligence different from the definitions of wilful or wanton conduct. We are aware of one opinion from this Court that appears to make the definitional distinction in the context of contributory negligence, *Morgan v. Cavalier Acquisition Corp.*, 111 N.C. App. 520,

CISSELL v. GLOVER LANDSCAPE SUPPLY, INC.

[126 N.C. App. 667 (1997)]

Indeed it is only where the term "gross negligence" is defined to "refer to misconduct which is . . . described as wilful, wanton or reckless . . . [that] the contributory negligence of the plaintiff is not a bar to recovery for an injury caused by such conduct on the part of the defendant." Stuart M. Speiser et al., *The American Law of Torts* § 12.11 (1986).

A wilful act "involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another."[2] *Brewer*, 279 N.C. at 297, 182 S.E.2d at 350. "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Id.* In more general terms, wilful and/or wanton conduct "lies somewhere between ordinary negligence and intentional conduct" and describes "negligence of an aggravated nature." *Siders*, 39 N.C. App. at 186, 249 S.E.2d at 860.

The issue of gross negligence should be submitted to the jury if there is substantial evidence of the defendant's wanton and/or wilful conduct. *See Banks v. McGee*, 124 N.C. App. 32, 34, 475 S.E.2d 733, 734 (1996) (instruction required if there is substantial evidence as to each element of claim). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

In this case, there is ample evidence from which a reasonable mind might conclude that Glover, in the parking of his truck on the paved portion of Emergency Road, demonstrated a reckless indifference to the rights of other persons traveling on that road. A jury could conclude that even if there was enough space for Cissell to pass to the left of the truck, without entering into the other lane of traffic (an issue in itself), the mere parking of the truck and trailer on the paved portion of the two-lane road was wanton conduct, especially if the jury were to determine that Glover did not warn oncoming traffic of

535-36, 432 S.E.2d 915, 924, *rev. denied*, 335 N.C. 238, 439 S.E.2d 149 (1993), but because that case is inconsistent with prior decisions of this Court and our Supreme Court, we decline to follow it. *See Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) (this Court has responsibility to follow Supreme Court decisions "until otherwise ordered by the Supreme Court").

2. A wilful and deliberate purpose not to discharge a duty must be distinguished from "the willful and deliberate purpose to inflict injury-the latter amounting to an intentional tort." *Siders*, 39 N.C. App. at 187, 249 S.E.2d at 860.

**CISSELL v. GLOVER LANDSCAPE SUPPLY, INC.**

[126 N.C. App. 667 (1997)]

the presence of the truck and trailer by the use of cones, flashers, or other warning devices. Accordingly, the trial court erred in not submitting the issue of Glover's wilful and/or wanton conduct (gross negligence) to the jury and a new trial is required.

New Trial.

Judge JOHN dissents with separate opinion.

Judge WALKER concurs.

Judge JOHN dissenting.

I concur with that portion of the majority opinion which holds that in the context of a standard negligence case, with its attendant issues of contributory negligence, "gross negligence" and "willful or wanton conduct" refer to the same level of tortious behavior.

However, I respectfully dissent from the majority's holding that the conduct of defendant herein might properly be characterized as willful or wanton. While defendant's violation of N.C.G.S. § 20-161(a) (1993) by leaving his nondisabled vehicle parked on the paved portion of a highway outside municipal corporate limits indisputably constituted negligence *per se, see Hughes v. Vestal,* 264 N.C. 500, 508, 142 S.E.2d 361, 367 (1965), I do not believe his conduct manifested "a reckless indifference to the rights of others," *see Brewer v. Harris,* 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971) (citation omitted), in light of previous holdings of our courts.

The North Carolina Supreme Court has considered numerous cases in which plaintiff motorists collided with vehicles stopped on the road in the *dark* with no warning lights. *See, e.g., King v. Allred,* 309 N.C. 113, 305 S.E.2d 554 (1983); *Beasley v. Williams,* 260 N.C. 561, 133 S.E.2d 227 (1963); *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E.2d 11 (1945). In each instance, the court decided the issue of the plaintiff's contributory negligence was for the jury; in none of these cases did the court suggest the defendant's actions might constitute willful or wanton conduct so as to overcome the plaintiff's contributory negligence. Further, in *State v. Gooden,* 65 N.C. App. 669, 309 S.E.2d 707 (1983), *disc. review denied,* 311 N.C. 766, 321 S.E.2d 150 (1984), the State's evidence showed that, upon running out of gas on a dark night, the defendant abandoned his vehicle protruding approximately six feet into the roadway and with no warning lights acti-

vated. This Court reversed the defendant's conviction of involuntary manslaughter, holding his conduct, which could not be considered willful, wanton, or intentional, did not support the element of culpable negligence necessary to constitute the crime. *Id.* at 674, 309 S.E.2d at 710. *See also Dixon v. Weaver*, 41 N.C. App. 524, 255 S.E.2d 322 (1979) (evidence plaintiff struck defendant's automobile which had run out of gas and been abandoned by defendant in left lane of I-40 in daytime, and that defendant failed to flag or warn other motorists of upcoming danger, insufficient to require submission to jury of issue of willful or wanton conduct).

In the case sub judice, defendant parked his 8-foot wide truck and trailer on a sunny morning on the right-hand side of an approximately 36-foot wide, straight and level roadway which presented no obstructions to hinder the view of approaching motorists. In view of the precedent cited above, the trial court did not err in declining to submit the issue of defendant Robert Glover's willful and/or wanton conduct (gross negligence) to the jury. I vote no error.