JOSEPH C. INMAN v. NORTH CAROLINA R. R. CO.

(Filed 19 November, 1908).

1. **Railroads—"Look and Listen"—Obstructed View—Contributory Negligence—Questions for Jury.**

While a person who had voluntarily gone on a railroad track, where the view was unobstructed, and failed to look and listen, cannot recover damages for an injury which would have been avoided by his having done so, when the view is obstructed or other existing facts tend to complicate the matter, the question of contributory negligence may become one for the jury.

2. **Same—Evidence.**

Where there is evidence tending to show that a railroad company has several tracks in a city over which the plaintiff usually went in going to and from his work, and that the view of the track was obstructed, and plaintiff, standing within two paces of the track, having listened for warnings he had a right to expect, but which were not given, stepped upon the track and was injured by defendant's train running at a much greater speed than allowed by the town ordinance, and which was unsafe at the place indicated, the question of contributory negligence is properly submitted to the jury.

3. **Railroads—Ordinances Against Blowing Whistles—Warnings— Ringing Bells.**

When there is a town ordinance preventing the blowing of locomotive whistles within its limits, the bell should be rung continuously where there are numerous tracks. and the conditions and surroundings render the running of trains, continuously, dangerous to pedestrians.

ACTION tried before *Moore, J.,* and a jury, February Term, 1908, of GUILFORD, for personal injury at a railroad crossing, caused by alleged negligence on part of defendant company.

There was evidence tending to show that plaintiff lived on one side, and went to his daily work on the other side, of defendant's railroad, along Spring street, in the city of Greensboro; and that, on 19 February, 1906, in going from dinner to his work, he was injured at the public crossing of said street over the tracks of defendant road; that at the crossing there were several tracks of defendant road, and a side-track to a bobbin factory, this last track terminating a short distance from the crossing; that on the occasion in question, as plaintiff approached the crossing, there were cars on this side-track which obstructed the view in one direction, and a freight train of defendant company was running down one of the tracks in an opposite direction; that plaintiff stopped at the end of these box cars on the siding to allow this freight train to pass, and, as this train was about clear of the crossing, he stepped out on the first track of defendant road, and, as he did so, he was knocked off the track and seriously injured by an engine of defendant company, which approached the crossing from an opposite direction, and running, according to different estimates of plaintiff's witnesses, from twenty to thirty-five miles an hour, and without signals or warnings of any kind, and without any one in a position to see or note the condition of the track, or persons upon it at the crossing; that plaintiff's view along the track in the direction from which the engine approached was obstructed by the cars on the side-track; that plaintiff listened for signals in that direction, and hearing none, either by bell or whistle, he stepped upon the track, a distance of four or five feet, one witness said two steps or a step and a half, from where he started, and, as he put his foot upon the track, the engine was approaching at a distance of fifteen or twenty feet running very fast, and he was struck and injured before he could get out of the way.

An ordinance of the city of Greensboro was also put in evidence, which prohibited trains within the city limits from

running at a speed greater than four miles an hour, between north and south switches, and greater than ten miles an hour anywhere within the city limits, or to blow their whistles within the corporate limits. There was evidence on the part of the defendants to the effect that the speed of the engine in question at the time was not more than three miles an hour. That the engineer had given the regular crossing signals, by blowing two long and two short blows, about three hundred feet from the crossing.

The evidence of defendant was further to the effect that the engine was running backwards at the time, and they had no one, by reason of coal piled up on the tender, in position to observe or note the conditions on the crossing, and, as a matter of fact, they did not see or observe the plaintiff, but ran on to the shops, and did not know of the injury till looking back they saw a crowd gathered at the crossing.

On issues submitted, the jury rendered the following verdict:

"1. Was the plaintiff injured by the negligence of the defendant's lessee as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by his own negligence, contribute to his injury as alleged in the answer? Answer: 'No.'

"3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: 'Twenty seven hundred and fifty ($2,750) dollars.' "

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*John A. Barringer* for plaintiff.
*Wilson & Ferguson* for defendant.

HOKE, J., after stating the case: There was ample evidence to justify a verdict for plaintiff on the first issue, and the objection chiefly urged for error is that the Court below declined to charge, as requested to do, in substance, that on his own evidence plaintiff was guilty of contributory negli-

gence, and that, if the jury believed the testimony, they would answer that issue in favor of defendant. But, in our opinion, on the facts presented, the authorities will not sustain defendant's position.

In Sherrill v. R. R., 140 N. C., 252, the Court held: "That while one who approaches a railroad crossing is required to look and listen before entering upon the track, and when he fails in this duty and is injured in consequence, the view being unobstructed, under all ordinary conditions, such person is guilty of contributory negligence. Yet, this obligation to look and listen may, in exceptional cases, be so qualified by facts and attendant circumstances as to require the question of a plaintiff's contributory negligence to be submitted to a jury."

This principle, together with the limitation stated, was again upheld in the case of Morrow v. R. R., 146 N. C., 14, where Mr. Justice Brown quotes with approval from the case of Lavarenz v. R. R., 56 Iowa, 689, as follows: "That a person who voluntarily goes on a railroad track, at a point where there is an unobstructed view of the track, and fails to look and listen for danger, cannot recover for an injury that might have been avoided by so looking and listening; but when the view is obstructed, or other facts exist which tend to complicate the matter, the question of contributory negligence then becomes one for the jury."

This doctrine is in accord with well considered decisions in other jurisdictions, some of them cited in Sherrill's Case, supra. Notably, the case of Lavarenz v. R. R., supra, and Jennings v. R. R., 112 Mo., 268. And its correct application to the facts presented here, requires that the question of contributory negligence on part of plaintiff should be submitted to the jury. There is doubt on the facts and attendant circumstances of this case, where there are several tracks, with trains constantly moving in both directions and crossings at intervals, if a signal whistle sounded three hundred feet from

a crossing should be regarded as adequate warning, even if it had been given as claimed by defendant, and, it will be noted, that the city ordinance, offered in evidence, prohibited the blowing of whistles within the corporate limits, and the lawful and usual warning at such places, therefore, must have been the continuous ringing of a bell as a train or engine approached. The plaintiff then standing at most within two paces of the track, with the view obstructed, and having listened for the warning, he had a right to expect, and which it was the duty of the engineer to give, steps upon the track and is run over by an engine running at a rate far beyond what the city ordinance permits, and far beyond what could be at all justified in such place even if there had been no ordinance.

The facts relevant to this especial feature of the case are not unlike those of *Alexander v. R. R.,* 112 N. C., 720, in which a recovery by the plaintiff was sustained, and similar decisions have been made in other cases of like import. See *Hinkle's Case,* 109 N. C., 472; *Norton's Case,* 122 N. C., 910.

There was no error, therefore, in submitting the question of contributory negligence to the consideration of the jury, and the judgment below will be affirmed.

No error.