## MACY ALMOND LONG, JR. v. LINDA KAY LONG

### No. 7213DC328

### (Filed 2 August 1972)

1. **Rules of Civil Procedure § 56— summary judgment — negligence case — no genuine issue of material fact**

     Though summary judgment is an extreme remedy which should be used only where no genuine issue of material fact is presented and negligence cases generally are not proper for granting of summary judgment, the motion may be granted where the moving party shows he is entitled to a judgment as a matter of law.

2. **Negligence §§ 8, 9— proximate cause of injury — foreseeability of injury**

     Negligence must be a proximate cause of injury or damage in order to constitute the basis for a cause of action, and foreseeability of injury is an essential element of proximate cause.

3. **Automobiles § 68— summary judgment — allegedly defective automobile — no genuine issue of material fact**

     In an action by husband against his wife to recover damages for personal injuries sustained while he was driving her car and it caught fire, defendant wife moved for summary judgment and sufficiently met her burden of proving there was no genuine issue as to any material fact where she introduced depositions of her husband and herself showing that she did not know where the fire came from that injured plaintiff, nor could plaintiff determine where the fire came from.

APPEAL by plaintiff from *Clark, Judge,* 2 December 1971 Session of District Court, COLUMBUS County.

Plaintiff instituted this action against his wife under G.S. 52-5 to recover damages for personal injuries sustained when he was driving her car, and it caught on fire. He alleged that "for a day or two prior to the time herein complained of, June 9, 1970, the defendant while driving her automobile had noticed that it skipped and sputtered from time to time and when said automobile performed in that way she would smell smoke in the passenger compartment; that the defendant knew her automobile was defective and needed repairing." Plaintiff alleged his spouse was negligent in that she "knew of the defective condition of her automobile which caused it to sputter and skip and smoke"; she neglected to use reasonable care to have her automobile repaired and in a safe condition; and she caused the plaintiff to drive her car without warning him about the

unsafe condition when she knew he was likely to be injured and burned by reason of the dangerous defective condition.

Defendant wife answered denying all the material allegations of the complaint, and pleaded plaintiff's contributory negligence as a bar to any recovery.

On 12 November 1971, defendant moved for summary judgment pursuant to G.S. 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure, and hearing was held on 29 November 1971. On 1 December 1971 plaintiff also filed a motion, dated 29 November 1971, for summary judgment on the issue of liability alone. In support of her motion, defendant filed her deposition and that of her husband. Plaintiff filed no counter affidavits or depositions nor any other evidence, but chose to rely on his complaint. From the entry of judgment on 2 December 1971 allowing defendant's motion for summary judgment, denying plaintiff's motion for summary judgment and dismissing the action, plaintiff appealed.

*R. C. Soles, Jr., for plaintiff appellant.*

*Powell and Powell, by Frank M. Powell, for defendant appellee.*

MORRIS, Judge.

[1] We are aware that summary judgment is an extreme remedy which should only be used where no genuine issue of material fact is presented, *Kessing v. National Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971) ; and that it is generally conceded summary judgment will not usually be feasible in negligence cases where the standard of the prudent man must be applied, *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970), and *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147 (1971), cert. denied 279 N.C. 395 (1971). The court's sole function in ruling on a motion for summary judgment is to determine whether their exists any genuine issue of material fact to be tried, not to decide issues of fact. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). Because the burden is on the moving party to establish the lack of a triable issue of fact, the motion may only be granted where he shows he is entitled to a judgment as a matter of law. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972). Applying the above-mentioned principles to the facts of the case at bar, we find

Long v. Long

no error in granting defendant's motion for summary judgment since it appears that even if the facts as claimed by plaintiff are proved, there can be no recovery.

[2] Negligence must be a proximate cause of injury or damage in order to constitute the basis for a cause of action, and foreseeability of injury is an essential element of proximate cause. 6 Strong, N.C. Index 2d, Negligence, §§ 8, 9, pp. 17, 22; *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

[3] In the case before us, plaintiff testified by deposition that he had enough mechanical knowledge to install a transmission in an automobile but that he did not know what part of the motor the fire was coming from and neither did the defendant. Defendant testified that she had no automobile mechanical training, could not explain the process of internal combustion, did not know how gasoline gets from the tank into the carburetor and the ignition, did not know what a piston was or how a carburetor operates, and could not even change a tire. Defendant in her deposition related how she had trouble starting the automobile about a week before it burned but did not tell plaintiff about it. She could get it "to go" by patting on the gas pedal, and it would "spit and sputter" but didn't catch on fire. "I might have smelled it (smoke) or when I pumped the gas I could smell some gasoline but I didn't pay it too much attention." The trouble defendant experienced and which she described as "spit and sputter" was a noise coming from the motor, and she never saw any fire. As for smoke, "I might have seen some coming up under the hood but it was a little bit, nothing, you know, not thought it was supposed to be anything." Defendant corroborated her husband's assessment that she did not know where the fire came from which caused the injuries ". . . unless it came from under the dash where he said." Under these facts, if presented at trial, defendant would be entitled to a directed verdict in her favor. Thus defendant, as moving party, has sufficiently met her burden of proving there was no genuine issue as to any material fact, and the unsupported allegations in the complaint are not sufficient to overcome the motion for summary judgment.

Affirmed.

Judges BROCK and HEDRICK concur.