MARY M. BAKER, ADMINISTRATRIX OF THE ESTATE OF JAMES REGINALD HICKMAN v. ROBERT EDWARD MAULDIN

No. 8611SC180

(Filed 5 August 1986)

**Automobiles and Other Vehicles § 94.7— intoxicated driver — contributory negligence by deceased passenger — summary judgment improper**

   Summary judgment should not have been granted for defendant in an action arising from an automobile accident where the evidence manifestly showed that defendant's negligence was a proximate cause of plaintiff's decedent's death; plaintiff's evidence showed that her decedent and another passenger entered a vehicle owned and operated by defendant and shortly thereafter picked up a third passenger; the four purchased beer and placed it in a cooler in the vehicle; defendant drove around Lee County while all four consumed beer; the last passenger was taken home; the three continued driving around until the accident occurred; and there were conflicts in the evidence as to whether defendant had drunk any beer prior to meeting the first two passengers and regarding the amount of beer consumed by defendant. The

issue of defendant's gross negligence should also have been left to the jury because there was evidence that immediately prior to the accident defendant was driving 100 miles per hour.

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 6 December 1985 in Superior Court, LEE County. Heard in the Court of Appeals 12 June 1986.

The subject of this action was the subject of a prior action brought by plaintiff against defendant (84CVS559, complaint filed 18 June 1984). On 27 September 1984, plaintiff gave notice of voluntary dismissal without prejudice pursuant to Rule 41(a), N.C. Rules Civ. P. Plaintiff filed this action on 17 September 1985, wherein plaintiff alleged grounds for two causes of action, to wit: negligence (Claim I) and gross negligence (Claim II). Plaintiff alleged the following: that plaintiff is the administratrix of the estate of the deceased James Reginald Hickman; that defendant owned a 1967 Pontiac automobile; that on or about 24 April 1983, while defendant was operating the vehicle in an easterly direction on a rural paved road in Harnett County, the vehicle left the road and crashed; that James Reginald Hickman, a passenger in the rear seat of the vehicle, was killed as a result of the accident; and that the death of plaintiff's decedent was proximately caused by the negligence of defendant, who (1) drove at an excessive speed for the existing conditions, (2) failed to keep the vehicle under control, and (3) failed to drive on the right side of the highway; that defendant's conduct was "wanton and willful" in that defendant drove the vehicle upon the public highway carelessly and heedlessly, "at a dangerously excessive speed on a curvy, rural road at night," while defendant's "mental and physical faculties were impaired by the consumption of beer" in violation of G.S. 20-138.1. Plaintiff sought $100,000.00 in damages plus interest and costs.

On 19 September 1985, defendant answered, admitting that he operated the vehicle while his mental and physical faculties were impaired by the consumption of beer, denying all other substantive allegations and alleging the contributory negligence of plaintiff's decedent. Defendant alleged that plaintiff's decedent voluntarily rode in the vehicle at a time when he knew or should have known that defendant's actions were negligent and that

plaintiff's decedent failed to request him to stop, thereby acquiescing to defendant's manner of operating the vehicle.

On 17 October 1985, defendant filed a motion for summary judgment. On 1 December 1985 plaintiff filed a memorandum of law in opposition to defendant's motion. After considering the deposition of Dennis Vick, a second passenger in the vehicle at the time of the accident, the deposition of defendant, and the affidavit of Dennis Vick, the court granted summary judgment in favor of defendant. Plaintiff appeals.

*Moretz & Silverman, by J. Douglas Moretz and Jonathan Silverman, for plaintiff appellant.*

*Staton, Perkinson, West, Doster & Post, by Stanley W. West, for defendant appellee.*

JOHNSON, Judge.

The sole issue on appeal is whether the court erred in granting summary judgment in favor of defendant. We hold that under the circumstances of this case summary judgment was improvidently granted.

Plaintiff positively alleged in her complaint that defendant was mentally and physically impaired by the consumption of beer in violation of G.S. 20-138.1. Defendant admitted the truth of this allegation in his answer. Defendant is bound by his pleadings. *Universal C.I.T. Credit Corp. v. Saunders,* 235 N.C. 369, 70 S.E. 2d 176 (1952). Hence, plaintiff's allegation is conclusive. It is negligence *per se* to operate a vehicle while impaired within the meaning of G.S. 20-138.1. *King v. Allred,* 309 N.C. 113, 116, 305 S.E. 2d 554, 556 (1983); *Davis v. Rigsby,* 261 N.C. 684, 686, 136 S.E. 2d 33, 34-35 (1964) (with reference to now repealed G.S. 20-138).

The evidence manifestly shows that defendant's negligence was a proximate cause of plaintiff's decedent's death. Hence, the threshold issue is whether the actions of the deceased James Reginald Hickman constitute negligence which proximately contributed to his injuries and death as a matter of law, thereby barring recovery by his administratrix for his death. *Southern Nat'l Bank of N.C. v. Lindsey,* 264 N.C. 585, 588, 142 S.E. 2d 357, 360 (1965). When the defendant establishes a complete defense to the plaintiff's claim, he is entitled to the quick and final disposition of

that claim which summary judgment provides. *Ballinger v. Secretary of the N.C. Dept. of Revenue,* 59 N.C. App. 508, 512, 296 S.E. 2d 836, 839 (1982), *cert. denied,* 307 N.C. 576, 299 S.E. 2d 645 (1983). The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Long v. Long,* 15 N.C. App. 525, 190 S.E. 2d 415 (1972). All inferences of fact must be drawn against the movant and in favor of the party opposing the motion. *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E. 2d 189, 194 (1972).

It is well established that if one enters an automobile with knowledge that the driver is impaired and voluntarily rides with him, he is guilty of contributory negligence *per se. Davis v. Rigsby, supra,* at 686-87, 136 S.E. 2d at 35. Further, when a gratuitous passenger becomes aware that the driver is driving the vehicle in which he is riding in a reckless and dangerous manner, the duty devolves upon him in the exercise of due care for his own safety to caution the driver and, if the warning is disregarded, to request him to stop so that the passenger may be permitted to leave the vehicle. *Beam v. Parham,* 263 N.C. 417, 420, 139 S.E. 2d 712, 714 (1965). Where conflicting inferences may be drawn from the evidence, it is for the jury to decide whether the failure of the passenger to take affirmative action for his own safety should constitute contributory negligence. *Id.* at 420-21, 139 S.E. 2d at 714. The question of contributory negligence on the part of the plaintiff's decedent is also properly left to the jury when there is some evidence of willful and wanton conduct by the defendant. *Jackson v. Jackson,* 4 N.C. App. 153, 156, 166 S.E. 2d 541, 543 (1969).

Plaintiff's evidence shows that on or about the evening of 28 April 1983 at approximately 7:00 p.m. James Reginald Hickman and Dennis Vick entered a vehicle owned and operated by defendant. Shortly thereafter they went to the home of Alicia Ward and picked her up. The four purchased beer and placed it in a cooler in the vehicle. Defendant drove them around Lee County while all four consumed beer. Between 8:00 and 9:30 p.m. defendant took Alicia Ward home. The threesome continued driving around until the accident occurred at approximately 1:30 a.m. There is a conflict in the testimonies of defendant and Vick as to whether defendant had drunk any beer prior to meeting Hickman and Vick.

There is also a conflict in the evidence regarding the amount of beer consumed by defendant. Vick testified at his deposition that they purchased two cases of beer and that defendant drank fifteen or sixteen beers during the period from 6:00 p.m. until 1:00 a.m. Vick's later affidavit stated that they purchased "a couple of six packs of beer." Defendant testified that he drank anywhere from four to seven beers that evening and none after returning Alicia Ward to her home. Although defendant testified that James Reginald Hickman handed defendant each beer that he drank, he also testified that Hickman was "dozing off" in the rear seat. Vick testified at his deposition and alleged in his affidavit that defendant's driving was "normal" and that defendant "did [nothing] that made me think that his driving was affected by any beer that he may have drunk." Resolving all inferences from the above evidence in favor of plaintiff, we cannot find contributory negligence as a matter of law. When conflicting inferences may be drawn regarding whether defendant was intoxicated when Hickman entered the vehicle and whether defendant's driving or level of alcohol consumption was such as to impose upon Hickman an affirmative duty to take action to protect his safety, these questions are for the jury. *See Jackson v. Jackson, supra,* at 156, 166 S.E. 2d at 542. The jury should decide, *inter alia,* whether, under the circumstances, an ordinarily prudent person would have asked to get out of a vehicle on a rural road late at night rather than risk a ride with defendant. *Beam v. Parham, supra,* at 421, 139 S.E. 2d at 715.

Moreover, although there is some evidence that defendant was not driving as though intoxicated, there is also evidence that immediately prior to the accident defendant was driving 100 miles per hour. This is some evidence to support plaintiff's allegation that defendant's conduct was willful and wanton. Accordingly, the issue of defendant's gross negligence should also be left to the jury. *Jackson v. Jackson, supra,* at 156, 166 S.E. 2d at 543. Ordinarily, contributory negligence on the part of a plaintiff's decedent does not bar recovery when the willful and wanton conduct of a defendant is a proximate cause of the plaintiff's decedent's injuries. *See Brewer v. Harris,* 279 N.C. 288, 297, 182 S.E. 2d 345, 350 (1971).

Summary judgment for defendant is

King v. N.C. State Bd. of Sanitarian Examiners

Reversed.

Judges BECTON and COZORT concur.