JENNY BARBEE SHORE v. RAY FARMER, T/D/B/A, RAY FARMER BONDING

No. 303A99

(Filed 3 December 1999)

1. **Appeal and Error— preservation of issues—in-chambers conference—oral objection—failure to record**

Rule 10(b) does not bar defendant from challenging the trial court's instruction and submission to the jury of the issue of plaintiff's claim for punitive damages where the record shows that defendant's counsel orally objected to plaintiff's motion to amend her complaint to include an issue of punitive damages during an in-chambers conference which occurred after all of the evidence was presented to the jury and prior to the jury charge. Although the better practice is to make sure the objection is recorded in order to preserve it for appeal, defend-

ant's position on the motion to amend was clear to the trial court before the jury began its deliberations, and it was not necessary for defendant to further object to plaintiff's motion. N.C. R. App. P. 10(b)(1), (2).

**2. Bail and Pretrial Release— rescission of bail contract— surrender of defendant—return of premium**

Under N.C.G.S. § 58-71-20, a licensed bail bondsman has the right to rescind the bail contract and surrender a defendant into custody at any time without cause or reason, provided he returns the full premium paid; however, the bondsman would be liable in contract if he fails to make such a refund.

**3. Damages— punitive—breach of contract—no separate tort**

The trial court erred in submitting a punitive damages issue to the jury in an action against a bail bondsman for breach of the bail bond contract where there was not a separate, identifiable tort to support a punitive damages claim.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 133 N.C. App. 350, 515 S.E.2d 495 (1999), finding no error in a judgment entered 31 July 1997 by Seay, J., in Superior Court, Rowan County. Heard in the Supreme Court 11 October 1999.

*Thomas M. King and David Y. Bingham for plaintiff-appellee.*

*The Holshouser Law Firm, by John L. Holshouser, Jr., for defendant-appellant.*

LAKE, Justice.

The question presented for review is whether the Court of Appeals erred in concluding that the trial court did not abuse its discretion by allowing plaintiff to amend her complaint to seek punitive damages in an action sounding in contract. In the decision below, the Court of Appeals concluded that the trial court did not err in allowing plaintiff's motion to amend her pleadings to conform to the evidence because there was no showing that the amendment in some way prejudiced defendant in maintaining his defense. Since we conclude that the evidence in this case does not support a claim for punitive damages and that such claim is improper in a breach of contract action, we reverse the decision of the Court of Appeals.

**SHORE v. FARMER**

[351 N.C. 166 (1999)]

Plaintiff made the following basic allegations in the complaint filed in this action. In June 1991, plaintiff and her husband were arrested on North Carolina warrants while they were on vacation in Myrtle Beach, South Carolina. Plaintiff and her husband waived extradition and were transported to North Carolina, and plaintiff was ultimately transported to the Watauga County jail.

Defendant is a professional bail bondsman. Upon contact, he informed plaintiff that a total of $75,000 in bond premiums would procure the necessary bail bonds to secure her release. Plaintiff and defendant subsequently entered into an agreement whereby plaintiff would advance a portion of the $75,000 to defendant and then tender the remaining balance to defendant within ten days of her release. On 25 June 1991, plaintiff paid the initial, agreed-upon portion of the fee and was thereafter released from jail. Plaintiff then tendered the rest of her outstanding balance to defendant on 29 June 1991.

That same day, plaintiff and defendant discussed and negotiated an agreement to procure the release of plaintiff's husband from jail by having him bonded on credit. During the next two days, plaintiff procured a bail bond for her husband by the following means: plaintiff's friend, Bob LaBianca, charged $10,000 on his Gold Master Card. Once defendant received notice of this $10,000 premium, defendant posted the bond for plaintiff's husband, and he was subsequently released from jail. However, on 26 July 1991, defendant received a notice from Mr. LaBianca's bank that LaBianca had signed a statement indicating that he did not authorize the $10,000 credit.

On 12 August 1991, plaintiff and her husband traveled to the Alleghany courthouse for a scheduled bond hearing. When they arrived at the courthouse, defendant arrested and surrendered both plaintiff and her husband into custody. Defendant informed plaintiff that he was surrendering her because her husband had not paid his bond due to Mr. LaBianca's rescission of the $10,000 credit card charge.

On 16 October 1995, plaintiff instituted this action against defendant by filing a complaint alleging breach of contract, unfair and deceptive practices, and intentional infliction of emotional distress. Defendant filed an answer on 9 January 1996 denying plaintiff's allegations. A jury trial commenced on 21 July 1997. The record reflects that after all of the evidence was presented to the jury, but prior to the jury charge, the trial court conducted an in-chambers

conference with counsel for both parties. During this conference, the trial court ruled that it would not submit plaintiff's claims of unfair and deceptive practices and intentional infliction of emotional distress to the jury, leaving only the breach of contract action. Plaintiff then orally moved to amend her complaint to include an issue of punitive damages. As reflected in the record, defendant objected to plaintiff's motion, and the trial court ruled in favor of plaintiff. Plaintiff subsequently filed a written amendment to her complaint asserting a claim for "punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00)."

On 25 July 1997, the jury found for plaintiff and recommended an award of damages in the amount of $7,425 for breach of contract and $150,000 in punitive damages. The trial court entered judgment accordingly on 31 July 1997. Defendant appealed; the Court of Appeals, with Judge Walker dissenting, affirmed the order of the trial court.

[1] Defendant contends that the Court of Appeals erred in affirming the trial court's order on the ground that the trial court abused its discretion in allowing plaintiff to amend her complaint since plaintiff's evidence did not support a claim for punitive damages in her breach of contract action. In its decision, the Court of Appeals majority held that defendant failed to preserve this issue for appellate review, and thus it was not addressed because "defendant lodged no objection on the record to the submission of a punitive damages issue to the jury either at the recorded charge conference or subsequent to the trial court's jury charge." *Shore v. Farmer*, 133 N.C. App. 350, 353, 515 S.E.2d 495, 497 (1999). Therefore, the Court of Appeals majority concluded that Rule 10(b)(2) of the Rules of Appellate Procedure precluded defendant from asserting this "unpreserved argument regarding submission of punitive damages to the jury." *Id.* We disagree.

N.C. R. App. P. 10(b)(1) provides in pertinent part:

*General.* In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

Furthermore, under subsection (b)(2) of Rule 10, "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict." As above stated, the record in the case at bar clearly shows that defendant's counsel orally objected to plaintiff's motion to amend the complaint to include an issue of punitive damages. As stipulated by counsel, the record on appeal reflects that there is no dispute that defendant's counsel made this objection during the in-chambers conference which occurred after all of the evidence was presented to the jury and prior to the jury charge. Therefore, although the better practice is to make sure the objection is recorded in order to preserve it for appeal, under these circumstances, defendant's position on the motion to amend was clear to the trial court before the jury began its deliberations, and it was not necessary for defendant to further object to plaintiff's motion. Having concluded upon the record before this Court that Rule 10(b) does not bar defendant from challenging the trial court's instruction to the jury and submission of the issue of plaintiff's claim for punitive damages, we turn to the issue raised by defendant in this appeal.

The appellate courts of this state have long and consistently held that punitive damages should not be awarded in a claim for breach of contract. *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976); *Taha v. Thompson*, 120 N.C. App. 697, 704-05, 463 S.E.2d 553, 558 (1995), *disc. rev. denied*, 344 N.C. 443, 476 S.E.2d 130, *and disc. rev. denied*, 344 N.C. 443, 476 S.E.2d 131 (1996). The one exception to this rule is in breach of contract to marry. *Newton*, 291 N.C. at 111, 229 S.E.2d at 301. However, this Court has stated:

> [W]hen the breach of contract also constitutes or is accompanied by an identifiable tortious act, the tort committed may be grounds for recovery of punitive damages. Our recent holdings in this area of the law clearly reveal, moreover, that allegations of an identifiable tort accompanying the breach are insufficient alone to support a claim for punitive damages. In *Newton*[,] the further qualification was stated thusly: "Even where sufficient facts are alleged to make out an identifiable tort, however, the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed." *Newton*, [291 N.C.] at 112, 229 S.E.2d at 301.

*Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E.2d 611, 621 (1979) (citation omitted).

**[2]** In the instant case, defendant was acting as a licensed bail bonds-man when he contracted with plaintiff to procure the release of plaintiff and plaintiff's husband from jail. Accordingly, the agreement between plaintiff and defendant is governed by N.C.G.S. § 58-71-20 which provides:

> At any time before there has been a breach of the undertaking in any type of bail or fine and cash bond the surety may surrender the defendant to the official to whose custody the defendant was committed at the time bail was taken, or to the official into whose custody the defendant would have been given had he been committed; in such case the full premium shall be returned within 72 hours after the surrender. The defendant may be surrendered without the return of premium for the bond if the defendant does any of the following:
>
> (1) Willfully fails to pay the premium to the surety or willfully fails to make a premium payment under the agreement specified in G.S. 58-71-167.
>
> (2) Changes his or her address without notifying the surety before the address change.
>
> (3) Physically hides from the surety.
>
> (4) Leaves the State without the permission of the surety.
>
> (5) Violates any order of the court.

N.C.G.S. § 58-71-20 (Supp. 1998). Pursuant to this statute, it is clear a bail bondsman has the right to rescind the bail contract and surrender a defendant into custody at any time without cause or reason, provided he returns the full premium paid. The bail bondsman would be liable in contract if he fails to make such refund.

**[3]** As the dissent to the decision below correctly noted, plaintiff's cause of action ultimately consisted of a simple claim for beach of contract because the trial court did not submit to the jury the issues of unfair and deceptive practices and intentional infliction of emotional distress. Significantly, plaintiff does not now contend that the trial court erred in refusing to submit these claims to the jury.

Because there was not a separate, identifiable tort to support a punitive damages claim in this breach of contract action, we must conclude the trial court erred in submitting the punitive damages issue to the jury. Therefore, the decision of the Court of Appeals is

DEP'T OF TRANSP. v. ROWE

[351 N.C. 172 (1999)]

reversed, and this case is remanded to the Court of Appeals for further remand to the Superior Court, Rowan County, for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.