GEORGE C. YANCEY, ADMINISTRATOR FOR THE ESTATE OF LUCY W. YANCEY, PLAINTIFF V. ARTIE SYLVESTER LEA AND HUSS, INCORPORATED, DEFENDANTS

No. COA99-533

(Filed 18 July 2000)

**1. Motor Vehicles— collision with passing truck—gross negligence**

The trial court did not err by refusing to instruct the jury on the issue of defendant Lea's gross negligence in an accident which occurred when Lea's tractor trailer collided with decedent's automobile as defendant attempted to pass decedent while decedent was making a left turn. The evidence tended to show that decedent had slowed her vehicle and activated her left turn signal prior to the collision, Lea conceded being aware that decedent was slowing, and Lea testified that he did not see decedent's turn signal or brake lights. Although negligence on the part of Lea was essentially undisputed, there was no evidence that he was either intoxicated or traveling at an excessive speed, nor was there substantial evidence of other conduct that lies somewhere between ordinary negligence and intentional conduct. Moreover, North Carolina courts have never held that singular acts of simple negligence, considered cumulatively or in combination, may comprise wilful and wanton negligence.

**2. Negligence— comparative—not adopted in North Carolina**

The trial court did not err by failing to instruct the jury on the doctrine of comparative negligence; neither the North Carolina Supreme Court nor the General Assembly has adopted comparative negligence as the law of the state.

Judge HUNTER dissenting.

Appeal by plaintiff from judgment entered 7 December 1998 by Judge W. Osmond Smith, III, in Granville County Superior Court. Heard in the Court of Appeals 27 January 2000.

*Glenn, Mills & Fisher, P.A., by William S. Mills, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio, for defendant-appellees.*

JOHN, Judge.

Plaintiff George C. Yancey, administrator of the estate of Lucy W. Yancey (decedent), appeals judgment entered upon a jury verdict finding defendant Artie Sylvester Lea (Lea) negligent and decedent contributorily negligent in the automobile collision which caused decedent's death. Plaintiff asserts the trial court erred by failing to instruct the jury as to the alleged gross negligence of Lea and on the doctrine of comparative negligence. We conclude the trial court did not err.

Relevant background information includes the following: Decedent was killed in a collision between her automobile and a tractor-trailer truck operated by Lea and owned by defendant Huss, Incorporated. At approximately 9:00 p.m. on 6 September 1996, decedent and Lea were proceeding in a northerly direction on Highway 15 in Granville County, decedent's vehicle preceding that of Lea. As decedent turned left from the northbound lane into her sister's driveway, Lea was attempting to pass on decedent's left and collided with her automobile in the southbound lane.

Evidence at trial further indicated Highway 15 at the point of the accident is a two-lane, straight highway with unobstructed visibility for a substantial distance in either direction, and that Lea attempted to pass decedent in a valid passing zone. Decedent's grandson, Bobby Elliott (Elliott), a passenger in her automobile, testified that the turn signals on his grandmother's vehicle made a loud noise when activated and that he specifically remembered decedent had activated her left turn signal just prior to the collision. Elliott also stated to the investigating officer that Lea failed to sound his horn prior to passing decedent's automobile. Two other non-passenger witnesses reported decedent's left turn signal was flashing following the collision.

In his testimony, Lea stated he never saw a turn signal activated on decedent's vehicle. Lea observed decedent slow down and acknowledged he could have stopped behind her vehicle without striking it. However, he attempted to pass and flashed his high beam headlights to signal he was doing so. Lea related he had chosen Highway 15 because it had less traffic and would likely require less travel time in consequence of the recent passage of Hurricane Fran than an alternative route on Interstate Highway 85. Another truck driver testified that as he was traveling in his 1965 Chevrolet pickup at 50 to 53 miles per hour in a 55 mile per hour zone on Highway 15

YANCEY v. LEA

[139 N.C. App. 76 (2000)]

approximately one mile before the collision site, Lea passed him traveling at a speed of 55 to 65 miles per hour.

Plaintiff subsequently filed the instant wrongful death action, alleging Lea's negligence proximately caused decedent's death. Defendants answered denying negligence on the part of Lea and asserting decedent's contributory negligence in bar of plaintiff's claim. At trial, the jury found Lea negligent and decedent contributorily negligent and judgment was entered in favor of defendants. Plaintiff timely appeals.

[1] Plaintiff first asserts the trial court erred by refusing to instruct the jury on the issue of Lea's gross negligence as a proximate cause of decedent's death. At the outset, we note plaintiff's complaint failed to include an allegation of gross negligence. Ordinarily, when a claim of negligence can be drawn from the evidence but has not been pled, it may not be considered by the jury, as there must be both allegation and proof. *Poultry Co. v. Equipment Co.*, 247 N.C. 570, 572, 101 S.E.2d 458, 460 (1958). However, the trial transcript reveals that plaintiff moved at the charge conference to amend the pleadings to conform to the evidence of Lea's gross negligence. *See* N.C.G.S. § 1A-1, Rule 15(b) (1999) (Rule 15(b)).

> The effect of Rule 15(b) "is to allow amendment by implied consent to change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case, *i.e.*, where he had a fair opportunity to defend his case."

*Shore v. Farmer*, 133 N.C. App. 350, 354, 515 S.E.2d 495, 498 (quoting *Roberts v. Memorial Park*, 281 N.C. 48, 59, 187 S.E.2d 721, 727 (1972)), *rev'd on other grounds*, 351 N.C. 166, 522 S.E.2d 73 (1999). While the trial court granted plaintiff's motion, it nonetheless denied his request to submit to the jury the issue of Lea's gross negligence.

"The issue of gross negligence should be submitted to the jury if there is substantial evidence of the defendant's wanton and/or wilful conduct." *Cissell v. Glover Landscape Supply, Inc.*, 126 N.C. App. 667, 670, 486 S.E.2d 472, 474 (1997), *rev'd on other grounds*, 348 N.C. 67, 497 S.E.2d 283 (1998).

> Wilful or wanton conduct in the context of the contributory negligence issue has sometimes been referred to as gross negligence, but the use of that term cannot be read to describe conduct less

negligent than that suggested by the phrase "wilful or wanton conduct." Indeed it is only where the term "gross negligence" is defined to "refer to misconduct which is . . . described as wilful, wanton or reckless . . . [that] the contributory negligence of the plaintiff is not a bar to recovery for an injury caused by such conduct on the part of the defendant."

*Id.* at 669-70, 486 S.E.2d at 473 (citations omitted) (footnote omitted).

The requisite wilful conduct " 'involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another.' " *Bailey v. R.R.*, 149 N.C. 123, 127, 62 S.E. 912, 914 (1908) (quoting *Thompson on Negligence* § 20 (2d ed.)). Such conduct is distinguishable from a wilful and deliberate purpose to inflict injury, which is an intentional tort. *Siders v. Gibbs*, 39 N.C. App. 183, 187, 249 S.E.2d 858, 860 (1978). Wilful and/or wanton conduct "encompasses conduct which lies somewhere between ordinary negligence and intentional conduct." *Id.* at 186, 249 S.E.2d at 860. "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37-38 (1929).

The evidence viewed in the light most favorable to plaintiff, *see Cockrell v. Transport Co.*, 295 N.C. 444, 449, 245 S.E.2d 497, 500 (1978), tends to show decedent had slowed her vehicle and activated the left turn signal thereon prior to the collision. Lea conceded having been aware decedent was slowing down, but testified he did not see decedent's turn signal in flashing mode. According to Lea, he observed decedent's vehicle while attempting to pass it until the two vehicles were "nose-to-nose," and although decedent's vehicle was reducing its speed, at no time did he see either brake lights or a turn signal.

Under previous decisions of our courts, we conclude the foregoing fails to comprise "substantial evidence," *Cissell*, 126 N.C. App. at 670, 486 S.E.2d at 474, that Lea's conduct, while constituting negligence, was either "deliberate," *Bailey*, 149 N.C. at 127, 62 S.E. at 914, or "reckless[ly] indifferen[t]," *Foster*, 197 N.C. at 91, 148 S.E. at 37-38; *accord Enyeart v. Borgeson*, 374 P.2d 543, 545 (Wash. 1962) (if defendant did not observe plaintiff's left turn signal, attempting to pass turning vehicle "admits to negligence only and not wilful misconduct"); 57A Am. Jur. 2d *Negligence* § 272 (1989) (to constitute wilful and wanton conduct, "the defendant must have been aware of th[e] situation and ignored it").

Indeed, the appellate courts of this State have determined an instruction on wilful and wanton conduct to be proper only in situations where the defendant's underlying negligence was coupled with a clear indication of reckless indifference to the rights of others. For example, in *Boyd v. L.G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405 S.E.2d 914, *disc. review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991), submission of the issue was approved where the negligence of a truck driver whose vehicle struck the rear of a stalled automobile in his lane of travel was compounded by evidence tending to show he

> was intoxicated at the time of the accident, . . . was traveling in excess of the posted speed limit, . . . and . . . no attempt was made to avoid the accident prior to its occurrence.

*Id.* at 402, 405 S.E.2d at 918; *see also Berrier v. Thrift*, 107 N.C. App. 356, 360, 420 S.E.2d 206, 208 (1992), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993) (instruction warranted where defendant, who lost control of vehicle in curve, had blood alcohol content of 0.184 two hours following the accident and had made "deliberate decision" to drive despite being aware of consequences of driving while impaired). Similarly, evidence tending to show the defendant was driving at an excessive rate of speed, *see Baker v. Mauldin*, 82 N.C. App. 404, 408, 346 S.E.2d 240, 242 (1986) (100 miles per hour), or was engaged in a "speed competition" with another vehicle, *see Lewis v. Brunston*, 78 N.C. App. 678, 685, 338 S.E.2d 595, 600 (1986) (75 miles per hour in 45 mile-per-hour zone), may suffice to take the issue of wilful and wanton conduct to a jury.

By contrast, our courts have determined facts tending to show a defendant's failure to drive in the right lane of an interstate highway while cognizant of the potential of running out of fuel, combined with failing to remove her stopped automobile out of the left travel lane after running out of gas and her failure to warn other motorists of the stopped automobile, did not justify an instruction on wilful and wanton conduct. *Dixon v. Weaver*, 41 N.C. App. 524, 527, 255 S.E.2d 322, 324 (1979). Further, a defendant's failure to warn oncoming traffic of a truck and trailer parked in the right travel lane on a wide, straight highway on a sunny morning likewise did not constitute wilful and wanton conduct. *Cissell v. Glover Landscape Supply, Inc.*, 348 N.C. 67, 497 S.E.2d 283 (1998) (adopting dissenting opinion of John, J., *Cissell*, 126 N.C. App. at 671-72, 486 S.E.2d at 474-75).

While cognizant of the points raised by the dissent in the case *sub judice*, we believe the circumstances herein fall into the category of

cases, such as *Dixon* and *Cissell*, in which an instruction on wilful and wanton conduct was not warranted. Although negligence on the part of Lea was essentially undisputed, there was no evidence he was either intoxicated or traveling at an excessive speed. Further, in our view, neither plaintiff nor the dissent has identified "substantial evidence," *Cissell*, 126 N.C. App. at 670, 486 S.E.2d at 474, of other conduct on the part of Lea that "lies somewhere between ordinary negligence and intentional conduct," *Siders*, 39 N.C. App. at 186, 249 S.E.2d at 860. In light of the precedent cited above, therefore, we hold the trial court properly denied plaintiff's request to submit to the jury the issue of Lea's wilful and wanton negligence.

Notwithstanding, the dissent asserts the combination of several factors operated to constitute substantial evidence of wilful and wanton negligence: the weight of defendant's truck, his choice to travel a secondary road, as well as evidence he may have exceeded the speed limit, failed to sound his horn, and was in a hurry to get home. However, our courts have never held that singular acts of simple negligence, considered cumulatively or in combination, may comprise wilful and wanton negligence and we decline to so hold herein.

**[2]** Finally, plaintiff raises the question of the trial court's failure to instruct the jury on the doctrine of comparative negligence. As this Court has previously observed:

> The common law doctrine of contributory negligence has been the law in this State since *Morrison v. Cornelius*, 63 N.C. 346 (1869) . . . . Although forty-six states have abandoned the doctrine of contributory negligence in favor of comparative negligence, contributory negligence continues to be the law of this State until our Supreme Court overrules it or the General Assembly adopts comparative negligence.

*Jones v. Rochelle*, 125 N.C. App. 82, 89, 479 S.E.2d 231, 235 (citation omitted), *disc. review denied*, 346 N.C. 178, 486 S.E.2d 205 (1997). At the present time, neither the North Carolina Supreme Court nor the North Carolina General Assembly has adopted comparative negligence as the law of this state. Further, as conceded by plaintiff in his appellate brief, this Court lacks authority to do so in the absence of action by one of those bodies. Accordingly, whatever may be the private views of the individual members of this panel, plaintiff's second assignment of error is unavailing.

No error.

Judge McGEE concurs.

Judge HUNTER dissents in separate opinion.

Judge HUNTER dissenting.

I respectfully dissent on the first issue in the majority opinion, as I believe there was substantial evidence warranting a jury instruction on gross negligence.

Beyond the facts recounted in the majority opinion, the evidence in the case *sub judice* shows that Lea was driving an 80,000 pound truck when he struck the decedent's 1989 Buick. The highway patrolman who investigated at the scene reported that when he arrived, he observed no skid marks from Lea's vehicle before the point of collision. Decedent's vehicle was pushed 170 feet before it came to a stop. The patrolman also stated that there were no driveways to the right at the collision point that decedent could have been turning into as she slowed down prior to the accident. Lea testified that he had been driving since 9:00 p.m. the night before the accident for a total of fifteen and a half hours driving time within a twenty-four hour period. At the time of the collision, he had been driving continuously for five and a half hours, covering a distance of 467 miles. Lea admitted he had taken Highway 15 because it had less traffic and he thought it would be quicker than an alternative route on Interstate Highway 85. He also admitted he observed decedent's vehicle slow down and could have stopped without striking it.

Willful and/or wanton conduct "encompasses conduct which lies somewhere between ordinary negligence and intentional conduct." *Siders v. Gibbs*, 39 N.C. App. 183, 186, 249 S.E.2d 858, 860 (1978). " 'An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. . . .' " *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971) (quoting *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37-38 (1929)). Therefore, willful and wanton conduct is neither always intentional, nor always done with wicked purpose, but always is indicative of careless and reckless disregard for the rights of others.

I have reviewed several cases where the courts of this state have addressed what actions constitute gross negligence, and none of them are similar to the factual circumstances in the present case. In

*Boyd v. L. G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405 S.E.2d 914, *disc. review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991), this Court held that there was sufficient evidence to support the jury's findings that a truck driver had been recklessly indifferent to the rights of others when plaintiff's evidence tended to show that the driver at issue was intoxicated, was speeding while carrying a fully-loaded rig and an unauthorized female passenger, and made no attempt to avoid the accident prior to its occurrence. In another case, this Court held that the issue of gross negligence should have been submitted to the jury when the defendant (1) had been driving a vehicle and his blood alcohol content was 0.184, (2) had approximately ten beers within several hours before the accident but did not tell his passengers, and (3) defendant was aware that his driving after drinking alcohol was a risk because it impaired his reaction time. *Berrier v. Thrift*, 107 N.C. App. 356, 420 S.E.2d 206 (1992), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993). Also, when there is some evidence that defendant was not driving as though intoxicated, but there is also evidence that immediately prior to the accident he was driving 100 miles per hour, the issue of defendant's gross negligence should be left to the jury. *Baker v. Mauldin*, 82 N.C. App. 404, 346 S.E.2d 240 (1986). The facts in the foregoing cases are not identical to the facts in the present case; however, the cases where our courts have held that a gross negligence instruction was not proper are also dissimilar to the present case.

This Court held that the jury should not be charged on gross negligence of a defendant when he failed to drive in the right lane of an interstate highway while knowing of the possibility of running out of gas, failed to push a stopped automobile out of the left lane after running out of gas, and failed to warn other motorists of the stopped automobile. *Dixon v. Weaver*, 41 N.C. App. 524, 255 S.E.2d 322 (1979). In *Cissell v. Glover Landscape Supply, Inc.*, 348 N.C. 67, 497 S.E.2d 283 (1998), our Supreme Court agreed with Judge John's dissent in *Cissell v. Glover Landscape Supply, Inc.*, 126 N.C. App. 667, 486 S.E.2d 472 (1997), that willful and wanton conduct is not constituted by a driver who did not warn oncoming traffic, on a sunny morning, that he left his eight-foot wide truck and trailer on the right-hand paved portion of a thirty-six foot wide, straight and level highway, which had no obstructions to hinder approaching motorists' view. Contrary to the cases where gross negligence was evident, the drivers in these cases did not drive at high speeds, nor while their faculties were impaired—they simply failed to push their stopped vehicles off the roadway and then warn oncoming drivers.

If a party argues that an opponent's acts or omissions constitute a particular claim for relief,

> the trial court must submit the issue with appropriate instructions if there is evidence which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim . . . .

*Cockrell v. Transport Co.*, 295 N.C. 444, 449, 245 S.E.2d 497, 500 (1978). "If the facts are such that *reasonable men could differ* upon whether the negligence amounted to willful and wanton conduct, the question is generally *preserved for the jury to resolve.*" *Siders*, 39 N.C. App. at 186, 249 S.E.2d at 860 (emphasis added). Viewing the evidence in the present case *in the light most favorable to plaintiff*, it indicates that Lea was speeding in a forty-five mile per hour speed limit zone while driving a loaded eighteen-wheel truck and trailer rig weighing 80,000 pounds, on a dark night, on a two-lane rural highway which was not familiar to him. He did not notice the lead car's left turn signal, and attempted to pass it without blowing his horn, as required by statute. Driving an 80,000 pound load, Lea would have been aware that any collision between his vehicle and a much smaller vehicle would be very dangerous. Lea admitted he was in a hurry to get home, and the evidence supports an inference that Lea's hurried attitude and demanding driving schedule had detrimental impact on his driving ability. Logic would demand that a driver in a hurry take an interstate highway, which is meant for higher speeds of travel and has more traffic access lanes. Defendant, either consciously or unconsciously, failed to see decedent's signal, disregarded the speed limit, and failed to keep a proper lookout as to decedent's turning vehicle. Our Supreme Court has stated that it is the duty of a driver to

> keep a proper lookout ahead in the direction he [is] travelling, to watch out for signals from the driver of any vehicle ahead to turn, stop or start, to give due regard to them, and in the exercise of ordinary care be prepared to avoid danger in case of any movement of the vehicle ahead which is properly signaled. The driver of the automobile behind in failing to observe plain turning or stopping signals given by the motorist ahead may be guilty of contributory negligence in the event of a collision and injury to himself.

*Weavil v. Trading Post*, 245 N.C. 106, 113, 95 S.E.2d 533, 539 (1956) (citations omitted). In that case, the Court also stated:

[W]here the driver of the stopped [vehicle] has given no clear signal of his intention to make a left turn, but the [vehicle] standing on the right of the highway merely has on the left rear and left fender a red light flashing on and off, it would seem that the driver of an automobile approaching at night from the rear, in the exercise of ordinary care, is bound to approach with his automobile under control, so as to reduce his speed or stop, if necessary, to avoid injury.

*Id.* at 114, 95 S.E.2d at 540. The evidence indicates that Lea disregarded his duty, in the exercise of ordinary care, to approach the decedent's vehicle under control by reducing his speed or stopping in order to avoid injury. All of the these factors, *in toto*, support an inference that Lea's conduct was at least as careless, reckless, and dangerous as a driver who travels·at an extremely high rate of speed. See *Baker v. Mauldin*, 82 N.C. App. 404, 346 S.E.2d 240.

It is not our duty to review whether or not the evidence is sufficient to prove that Lea was grossly negligent. We must only review it to determine if there is sufficient evidence such that reasonable men could differ as to whether or not Lea was grossly negligent on the night in question. I believe reasonable men could differ on this issue. Accordingly, I believe that the alleged gross negligence of Lea should have been submitted to the jury, and thus would remand to the trial court for a new trial.