Karen B. GAULDIN, Plaintiff,

v.

**HONDA POWER EQUIPMENT MFG., INC.; American Honda Motor Co., Inc.; Group Long Term Disability Plan for Employees of American Honda Motor Co., Inc.; Hartford Life & Accident Insurance Company; Hartford Comprehensive Employee Benefits Service Co.; Specialty Risk Services, Inc.; and Benefits Integration, a joint venture of Hartford Life and Specialty Risk Services, Inc. Defendants.**

No. CIV.1:04 CV 00313.

United States District Court,
M.D. North Carolina.

Jan. 6, 2005.

Fred T. Hamlet, Greensboro, NC, for Plaintiff.

Dena Beth Langley, Brian Stephen Clarke, Nexsen Pruet Adams Kleemeier, PLLC, Greensboro, NC, Debbie Weston Harden, Katherine T. Lange, Womble Carlyle Sandridge & Rice, PLLC, Charlotte, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Karen B. Gauldin ("Plaintiff") filed this action against the named defendants (collectively "Defendants") on February 25, 2004, in the General Court of Justice, Superior Court Division, Alamance County, North Carolina. Plaintiff filed an amended verified complaint on March 10, 2004, asserting four claims for relief: (1) breach of contract; (2) loss of benefits; (3) respondeat superior; and (4) punitive damages. Defendants Honda Power Equipment Manufacturing, Incorporated, American Honda Motor Company, Incorporated, and the American Motor Company, Incorporated Long Term Disability Benefit Plan (collectively the "Honda Defendants") timely removed the action based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 1132. Defendants Hartford Life and Accident Insurance Company, Hartford Comprehensive Employee Benefits Company, Specialty Risk Services, Incorporated, and Benefits Integration (collectively the "Hartford Defendants") joined in the Honda Defendants' notice of removal and filed their own notice of removal, in which the Honda Defendants subsequently joined. Defendants assert that the plan to provide long term disability benefits to the Honda Defendants employees is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Before the court is Defendants' collective motion to dismiss[1] Plaintiff's first, third,

1. Honda Defendants filed the initial motion and the Hartford Defendants later joined in

and fourth claims for relief of Plaintiff's amended verified complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's demand for punitive damages pursuant to Federal Rule of Civil Procedure 12(f).

## DISCUSSION

### I. *ERISA Preempts Plaintiff's First Claim for Relief*

■ In her amended complaint, Plaintiff alleges that she was a beneficiary of the Honda Defendants Long Term Disability Plan and asserts a state law claim against Defendants for breaching their contractual obligations to provide long term disability insurance benefits.[2] ERISA's preemption provisions are "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.' " *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)). Generally, Section 514(a) of ERISA preempts state law "[i]f [the] state law 'relate[s] to ... employee benefit plan[s].' " *Id.* at 45, 107 S.Ct. 1549 (quoting 29 U.S.C. § 1144(a)). "The breadth of § 514(a)'s pre-emptive reach is apparent from that section's language. A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines. Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

■ ERISA's civil enforcement provision "permits plan participants to bring an action to 'enforce [the participant's] rights under the terms of the plan.' " *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 195 (4th Cir.2002) (quoting 29 U.S.C. § 1132(a)(1)(B)). As a result, ERISA generally preempts claims asserted under state contract law regarding ERISA plans. *See, e.g., id.* at 194–95 ("Because the contract in question is an ERISA plan, this [state contract] claim is clearly preempted."); *Stiltner v. Beretta U.S.A. Corp.,* 74 F.3d 1473, 1480 (4th Cir. 1996) ("[S]tate common-law tort and contract actions which are 'based on alleged improper processing of a claim for benefits under an employee benefit plan' are preempted by ERISA").

■ Because the Plaintiff's claim for long term disability benefits is subject to ERISA, as Plaintiff recognizes in her amended complaint, the court finds that ERISA preempts Plaintiff's breach of contract cause of action. *See Darcangelo,* 292 F.3d at 195 ("[A]n action to enforce the terms of a contract, when that contract is an ERISA plan, ... is ... 'relate[d] to' an ERISA plan" and ERISA preempts the state law claim). Therefore, the court will dismiss Plaintiff's first claim for relief.

### II. *Plaintiff's Third Claim for Relief Fails to State a Claim on Which Relief can be Granted*

■ Plaintiff's third claim for relief attempts to assert an independent claim for "Respondeat Superior." The doctrine of respondeat superior is a theory of liability, however, not an independent basis for asserting a claim. *See generally Black's Law Dictionary* at 1179 (deluxe 5th ed. 1979) ("[A] master is liable in certain cases

the Honda Defendants' motion.

**2.** Plaintiff states her first claim is for Defendants' breach of her employment contract and arises solely out of the Defendants' denial of long term disability insurance benefits and

termination of her long term disability insurance compensation. Plaintiff has failed to distinguish her action as one unrelated to her ERISA plan.

for the wrongful acts of his servant, and a principal for those of his agent"); *see, e.g., McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir.1996) (discussing the implications of respondeat superior in the employer/employee tort context). *See generally* W. Page Keeton *et al., Prosser and Keeton on the Law of Torts* § 69, at 500 (5th ed.1984) (explaining that "[m]ost courts have made little or no effort to explain the result" of the respondeat superior doctrine of liability). Accordingly, the court will dismiss Plaintiff's third claim for relief.

III. *Plaintiff's Fourth Claim for Relief Fails to State a Claim on Which Relief can be Granted and Plaintiff's Demand for Punitive Damages will be Stricken*

Plaintiff's fourth claim for relief attempts to assert an independent claim for punitive damages. The doctrine of punitive damages is a means of punishing a wrongdoer but does not, by itself, provide an independent basis for asserting a claim. *See generally Black's Law Dictionary* at 352 (deluxe 5th ed.1979) (stating punitive damages are "awarded to the plaintiff over and above what will barely compensate him for his loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant"). Furthermore, punitive damages are unavailable in ERISA actions.[3] *See Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (finding nothing "in § 409 [conveying] express authority for an

award of extracontractual damages to a beneficiary"); *Darcangelo,* 292 F.3d at 195 (" § 502 limits a plaintiff to equitable relief, so [the plaintiff] is not entitled to compensatory and punitive damages on the contract claim."). Accordingly, the court will dismiss Plaintiff's fourth claim for relief and strike Plaintiff's demand for punitive damages.

### CONCLUSION

For the foregoing reasons, the court will grant Defendants' motion to dismiss Plaintiff's first, third, and fourth claims for relief and grant Defendants' motion to strike Plaintiff's demand for punitive damages.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

---

**3.** This corresponds with the general proposition that punitive damages are not available in actions for breach of contract. *See, e.g., Shore v. Farmer,* 351 N.C. 166, 170, 522 S.E.2d 73, 76 (1999) ("[P]unitive damages should not be awarded in a claim for breach of contract"); *Cash v. State Farm Mut. Auto. Ins. Co.,* 137 N.C.App. 192, 200, 528 S.E.2d

372, 377 (2000) (citing *Shore v. Farmer,* 133 N.C.App. 350, 359–62, 515 S.E.2d 495, 501–02 (1999)) (Walker, J., concurring in part and dissenting in part) (citations omitted), for the proposition that "[p]unitive damages are not allowed even when the breach [of contract] is willful, malicious or oppressive."